159 So.2d 380 (1964)
Elsa Carazo HUMPHREYS
v.
Dr. Arthur J. McCOMISKEY et al.
No. 1213.
Court of Appeal of Louisiana, Fourth Circuit.
January 6, 1964.
*381 Roger H. Fellom, New Orleans, for plaintiff-appellant.
Walter M. Barnett, Moise W. Dennery, Morris Wright, Leonard B. Levy, New Orleans, for defendant-appellee.
Peter H. Beer, Montgomery, Barnett, Brown & Read, New Orleans, for defendant-appellee.
Before YARRUT, SAMUEL and TURNER, JJ.
TURNER, Judge.
The plaintiff in this case, Mrs. Elsa Carazo Humphreys, checked into the Touro Infirmary, a hospital operated in the City of New Orleans, for the purpose of having a tonsillectomy on November 9, 1960. She selected her personal physician, Dr. Arthur J. McComiskey, as her surgeon to perform said operation. She claimed that in the performance of the operation Dr. McComiskey negligently cut the top of her uvula off, which resulted in very serious permanent injuries to her physical and mental welfare for which she claimed the sum of $100,000.00 from Dr. McComiskey and his insurer.
On November 9, 1961, exactly one year after her operation, she filed this suit. By supplemental and amended petition filed November 7, 1962, based upon information revealed in Dr. McComiskey's answer, she sought to join Touro Infirmary and its insurer, Employers Mutual Liability Insurance Company of Wisconsin, as additional defendants. Touro Infirmary filed an exception of no cause or right of action and a motion for summary judgment. In support of the latter, it filed an affidavit by its president, Walter M. Barnett. This affidavit set forth in detail the charitable, non-profit and eleemosynary character of the institution and stated that "all of the professional personnel and other employees rendering service to patients at Touro Infirmary are all fully qualified and competent in their particular and special fields and were all carefully selected on the basis of proper qualifications and training". The plaintiff filed no opposing affidavits and offered no contradictory evidence. Based upon the pleadings and this affidavit the district judge maintained the motion for summary judgment and dismissed the suit as to Touro Infirmary.
The plaintiff has appealed from this judgment and seeks to have us set same aside claiming that Touro did not meet the burden of proving that it is a charitable institution and that it failed to prove that the plaintiff's injuries resulted from circumstances which would exempt it from liability under the doctrine of charitable immunity. The plaintiff, however, has not seriously pursued these points, but in any event the ruling of the district court on that point was correct. The defense of charitable immunity has been held applicable in this state to eleemosynary institutions which have selected their employees and agents with due care. D'Antoni v. Sara Mayo Hospital, 144 So.2d 643; Thibodaux *382 v. Sisters of Charity of the Incarnate Word, 11 La.App. 423, 123 So. 466.
LSA-C.C.P. Art. 966 provides that, "* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
As plaintiff has failed to offer any evidence in contravention of that offered by this defendant, it can only be assumed that there was no dispute as to any fact therein set forth. That affidavit, offered by Touro, fully sets out the charitable nature of this institution and states that due care had been used in the selection of the employees and agents of the hospital. Acceptance of these facts as true entitled Touro Infirmary to the immunity accorded charitable institutions in this state.
The plaintiff has not pointed out any theory on which Touro might be held liable under the stated factual situation as to its immunity.
The Employers Mutual Liability Insurance Company of Wisconsin, the insurer of Touro, filed a pleading which they styled "preemptory exception by Employers Mutual Insurance Company of Wisconsin". It stated "This exception is filed under the terms and provisions of Article 927 of the [LSA] Louisiana Code of Civil Procedure". The attorney for plaintiff then follows this with a brief which indicates that he relies only on Section 1 of Article 927, which is prescription. The prescription he alleges is the one year liberative prescription for tort actions. We should point out at this time that the plaintiff plead the doctrine of res ipsa loquitur in both her original and supplemental petitions.
The district judge in sustaining this plea of prescription apparently considered the statements and allegations made by Dr. McComiskey in his depositions and answer as conclusive evidence in the case and stated that the same exonerated Touro and its employees from negligence. Of course, this is palpable error. It is too well settled, to cite authorities for the proposition, that one or more alleged joint tortfeasors cannot by answer, deposition, or otherwise exculpate or inculpate a co-defendant. As we read the two petitions, the allegations show concurring negligence on the part of Dr. McComiskey and Touro and only the jury or judge who heard the evidence can say whether or not negligence was proved. There is nothing before the court upon which to predicate a judgment. As we have stated, Touro was properly dismissed from the case on account of its charitable immunity and not on an exception of no cause or right of action. If Employers intended its blanket exception under Article 927 to encompass the exception of no right or cause of action, the exception in that regard should be and is overruled.
This dismissal of Touro because of its immunity does not have the effect of dismissing its liability insurer as its defense of charitable immunity is personal to Touro and may not be claimed by Employers. Rome v. London & Lancashire Indemnity Co. of America, La.App., 169 So. 132; Lusk v. United States Fidelity & Guaranty Co., La.App., 199 So. 666. Employers Mutual Liability Insurance Company of Wisconsin is, therefore, in the position of a joint tort-feasor with Dr. McComiskey.
The timely institution of a suit against a joint tort-feasor interrupts the running of prescription as to the other tortfeasors and a suit filed against the latter, or its insurers, more than one year after the accident was not barred. LSA-C.C. Arts. 2097, 3536; Ensminger v. Great Atlantic and Pacific Tea Co., La.App., 134 So.2d 686.
A consideration of all the pleadings filed herein lead us to the conclusion that the case as it now stands presents a case sounding *383 in tort against joint tort-feasors, provided the allegations are sustained by the evidence. We, therefore, think that the provision of LSA-C.C. Art. 2097 must prevail. We conclude that the district court erred in sustaining the plea of prescription filed by Employers.
The judgment granting the motion for summary judgment by Touro Infirmary is accordingly affirmed. The judgment sustaining the plea of prescription filed by Employers and sustained by the trial court against plaintiffs is set aside and it is now ordered that the plea of prescription be overruled. The case is remanded to the Civil District Court for the Parish of Orleans, Louisiana, for further proceedings according to law, not inconsistent with this decree; cost of this appeal assessed equally between plaintiff and Employers Mutual Liability Insurance Company of Wisconsin; all other costs to await the final outcome of these proceedings.
Affirmed in part; reversed in part; and remanded.