200 So.2d 34 (1967)
Elizabeth C. HILL
v.
EYE, EAR, NOSE AND THROAT HOSPITAL et al.
No. 2627.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1967.
*35 Kierr & Gainsburgh, William P. Rutledge, New Orleans, for plaintiff-appellant.
Monroe & Lemann, Malcolm L. Monroe, D. Douglas Howard, New Orleans, for defendants-appellees.
Before REGAN, CHASEZ, and BARNETTE, JJ.
REGAN, Judge.
The plaintiff, Elizabeth C. Hill, filed this suit against the defendants, Eye, Ear, Nose and Throat Hospital, A. B. C. Insurance Company, two physicians designated out of professional courtesy as Dr. Richard Roe and Dr. John Doe, and Maryland Casualty Company, the liability insurer of these doctors, in an endeavor to recover the sum of $150,000.00, representing damages for personal injuries incurred by her as the result of the negligence committed by the defendants in the course of removing a cataract from her eye.
A supplemental petition was filed approximately thirteen months after the occurrence of the alleged tort, in which the plaintiff sought to make the Underwriters at Lloyds of London, through Godchaux and Mayer, Ltd., its representative, a party defendant herein as the liability insurer of the Eye, Ear, Nose and Throat Hospital in New Orleans in lieu of the A. B. C. Insurance Company, as they were initially designated in the petition.
In response to this petition, the hospital pleaded the exception of no right of action predicated upon its charitable immunity from tort actions. In addition thereto, Godchaux and Mayer, Ltd., as the representative of the Underwriters at Lloyds of London, pleaded the prescription of one year pursuant to Article 3536 of the Louisiana Civil Code, predicated on the fact that the Underwriters were not named as defendants until after one year had elapsed from the date of the accident.
The lower court rendered a judgment sustaining the hospital's exception of no right of action, and also sustained the Underwriters' plea of prescription.[1]
From that judgment, the plaintiff has prosecuted this appeal.
The record reveals that the only questions posed for our consideration are (1) whether the Eye, Ear, Nose and Throat Hospital is immune from suit under the doctrine of charitable immunity, and (2) *36 whether the suit against the hospital and the fictitious A. B. C. Insurance Company interrupted prescription as to the hospital's true insurer, so that the latter could be validly served herein more than one year after the occurrence of the accident.
The initial question posed for our consideration, that is, the immunity from suit of the hospital, presents no problem with respect to its solution. A cursory review of the jurisprudence discloses that under Louisiana law hospitals are regarded as charitable organizations entitled to immunity from suit. This immunity extends to suits brought against the hospital by paying patients.[2] Therefore, the lower court was correct in concluding that the defendant hospital was entitled to rely upon its plea of charitable immunity from tort actions.
On the other hand, the question of the interruption of prescription as to the hospital's true insurer is a slightly more vexatious question and therefore requires a more detailed explanation. The solution to the problem of the prescription of the claim against the Underwriters at Lloyds is predicated upon the fundamental principle that under Louisiana law the insured and the insurer are liable solidarily[3] for the insured's delicts. Moreover, pursuant to the rationale emanating from Civil Code Article 2097, a suit brought against one solidary debtor interrupts prescription as to all other solidary debtors. It therefore follows, that suit against the insured hospital within the one year prescriptive period interrupts prescription as to its insurer, so that the suit against the insurer more than thirteen months after the occurrence of the alleged tortious act was not barred by the prescription of one year.[4] Thus, prescription was interrupted as to Lloyds, the insurer of the hospital, irrespective of its fictitious designation in the suit as the A. B. C. Insurance Company.
In conclusion, it should be pointed out that an insurer may not avail itself of a plea which is personal to its insured. In consequence thereof, the rationale emanating from the case of Humphreys v. Mc-Comiskey[5] is to the effect that a suit against a hospital entitled to plead immunity therefrom nevertheless interrupts prescription insofar as its insurer is concerned.
For the foregoing reasons, the judgment of the lower court is affirmed insofar as it maintained the exception of no right of action pleaded by the Eye, Ear, Nose and Throat Hospital. However, the judgment of the lower court is reversed insofar as it maintained the exception of prescription pleaded by Godchaux and Mayer, Ltd., as the representative of the Underwriters of Lloyds of London.
The matter is now remanded to the lower court for such additional proceedings as the nature thereof may require and in conformity with the views expressed herein.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] Maryland Casualty Company answered the plaintiff's petition as amended, and in effect denied the pertinent allegations thereof. However, the merits of the case are not before us, and no further mention will be made of the answer or defenses of this insurer.
[2] See Jurjevich v. Hotel Dieu, 11 So.2d 632 (1943); Thibodaux v. Sisters of Charity of the Incarnate Word, 11 La. App. 423, 123 So. 466 (1929); D'Antoni v. Sarah Mayo Hospital, La.App., 144 So.2d 643 (1962); Danks v. Maher, La. App., 177 So.2d 412 (1965); Humphreys v. McComiskey, La.App., 159 So.2d 380 (1964).
[3] Burch v. Hartford Accident and Indemnity Co., 172 So.2d 165 (1964); Martin v. Mud Supply Co., Inc., La.App., 111 So.2d 375 (1959); Martin v. Mud Supply Company, 239 La. 616, 119 So.2d 484 (1960).
[4] Rome v. London & Lancashire Indemnity Co. of America, La.App., 169 So. 132 (1936).
[5] 159 So.2d 380 (1964).