HAMITER, Justice.
During the early morning of May 24, 1948 an automobile owned by Mud Supply Company, Inc. was involved in an accident. Driving the car at the time was one Ernest Clements, and with him as passengers were Leon Lane (a minor) and Jimmie Robert Bowling. As a result of the accident Clements and Bowling were killed and Lane was seriously injured.
On May 21, 1949 Lane’s father, for and on behalf of his minor son, filed a damage *619 suit against Mud Supply Company, Inc. and the Houston Fire and Casualty Insurance Company. Later the son, on reaching the age of majority and during the pendency of the action in the district court, was substituted as the plaintiff in the place of his father.
On May 23, 1949 the instant suit was instituted by Ethel Bowling Martin, mother of the deceased Jimmie Robert Bowling, to recover damages growing out of her son’s accidental death. Initially, only Mud Supply Company, Inc. was impleaded.
In her original petition plaintiff alleged that the negligent driving of Clements solely caused the accident, and that at the time thereof the said driver was an employee of the Mud Supply Company, Inc., acting in the course and scope of his employment. She further alleged, on information and belief, that “ * * * the defendant, Mud Supply Company, Inc., was covered by liability insurance at the time of the accident hereinabove described, but her efforts to determine the name of the insurance carrier has been unsuccessful, and she desires to make the insurance company a party defendant, and she has annexed to the within petition Interrogatories on Facts and Articles which she desires to have the defendant answer, in writing, under oath and categorically * *
Among the mentioned interrogatories were the following:

“Interrogatory 1:

“Is it not a fact that you were covered by liability insurance on May 24, 1948 ?
“Interrogatory 2 :
“If the answer to Interrogatory 1 is yes — state the name of the Company or Companies and the amount of coverage.
“Interrogatory 3:
“If the answer to Interrogatory 1 is yes —state if such policy covered all vehicles owned by you.

“Interrogatory 4:

“If the answer to Interrogatory 1 is yes —state if such policy of insurance covered any and all drivers of the vehicles, whether they [were] being used for their personal use or on company business.” (Brackets ours.)
On July 8, 1949 the impleaded Mud Supply Company, Inc. filed an answer to the original petition, it denying the allegation that Clements was an employee acting in the course and scope of his employment at the time of the' accident. The answer contained also an admission that the defendant’s “automobiles were covered by a blanket policy of public liability insurance with Houston Fire and Casualty Insurance Company * * * ; that said policy of insurance covered all motor vehicles owned by respondent on or about May 24, 1948.”
On November 16, 1949 categorical answers to plaintiff’s interrogatories were filed by the defendant through its counsel *621 who, on the same date, also answered the petition in the Lane suit for both Mud Supply Company, Inc. and Houston Fire and Casualty Insurance Company.
On October 8, 1951 plaintiff presented a supplemental petition in which she, after reiterating her original allegations, further alleged, on information and belief, that the car which Clements was driving was insured by Houston Fire and Casualty Insurance Company (hereinafter referred to as Houston) and that “ * * * said insurance policy sold by the insurance company named herein to the Mud Supply Co., Inc. which was in full force and effect at the time of the accident and specifically covered the Ford automobile involved in this accident contained clauses to the effect that even though said automobile was not being used for and on behalf of said company or within the course and scope of the driver’s employment with said Mud Supply Co., Inc., that nevertheless, said insurance policy would cover said accident should said automobile be then being used with the knowledge and permission of the insured, Mud Supply Co., Inc., its agents and employees.” Following such allegations plaintiff prayed for citation on Houston and for a solidary judgment against it and Mud Supply Company, Inc. (Italics ours.)
Houston, thereupon, tendered a plea of prescription of one year to the demand against it. The district court, following argument on the pleadings alone, sustained this plea. As a result Houston was eliminated from the proceeding.
Subsequently, plaintiff’s suit as against Mud Supply Company, Inc. was tried on its merits (along with the consolidated Lane suit) and was dismissed.
Plaintiff appealed to the Court of Appeal for the Parish of Orleans, and that tribunal affirmed the two judgments which dismissed the suit as against both Houston and Mud Supply Company, Inc. See 111 So.2d 375. Thereafter, we issued the writ of certiorari for the restricted purpose of reviewing the ruling which sustained Houston’s plea of prescription.
In support of the sustained prescriptive plea the insurer Houston reasons here, and its reasoning was approved in the holding of the Court of Appeal, that since the insured Mud Supply Company, Inc. was not liable to plaintiff under the respondeat superior theory there could be no solidary liability between that company and it; and that, consequently, the suit filed against the insured could not interrupt the prescription running against the insurer.
If an interruption can take place only when the insured and insurer are solidary obligors the conclusion reached by such reasoning might be correct. Llowever, here the circumstances shown by the record, make applicable the doctrine of those cases in which we have held that, even though there exists no solidary liabil *623 ity, the filing of a suit interrupts prescription as to one not impleaded originally when he is affected by the cause of action involved, is closely associated with the named and cited defendant, and is fully informed of the claim and the suit thereon. See particularly Jackson v. American Employers’ Insurance Company, 202 La. 23, 11 So.2d 225, Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209, and Davis v. Lewis & Lewis, 226 La. 1059, 78 So.2d 173 (this decision approved the language of the Court of Appeal in the same case reported in 60 So.2d 230).
With respect to the cited decisions the Court of Appeal for the Parish of Orleans has correctly and concisely summarized the effect thereof in Andrepont v. Ochsner, 84 So.2d 63, 68, as follows: “Thus it appears that all of the cases seem to be based on the theory that the knowledge of the demand, its origin, and basis, are imparted to the defendant even though the original suit was brought against the wrong defendant or against the defendant in an improper capacity, and even when brought by an improper plaintiff. So long as the proper person has been apprised of the demand in any legal capacity, prescription is interrupted.”
In the instant cause Houston (through its attorneys), as it was obliged to do under the terms of its contract with Mud Supply Company, Inc., initially took part in the defense of the action, it then contending that there was no liability on the part of the insrtred. In this connection its counsel, in the brief to the Court of Appeal, stated: “It is true that Houston was aware of the fact that the suit was filed and in fact, through its counsel was defending the law suit. * * * ” (Italics ours.)
Having been aware of the suit’s filing, and in view of the allegations of the original petition and the contents of the attached interrogatories, undeniably Houston initially had full knowledge that plaintiff was not only seeking recovery under the respondeat superior theory but also was demanding damages from it pursuant to the omnibus clause of the issued policy which protected the public against the negligent operation of the vehicle in question by “any person while using an owned automobile * * * provided the actual use of the automobile is with the permission of the named insured * * And because of Houston’s awareness of that demand, including its origin and basis, we conclude that under the doctrine of the afore-cited cases the running of prescription in favor of such insurer was effectively interrupted. Incidentally, pertinent here is the observation contained in Jackson v. American Employers’ Insurance Company, supra [202 La. 23, 11 So.2d 226], that “ * * * in the circumstances of this case, it would be unjust to hold that the filing of the original suit did not interrupt prescription.”
*625 For the reasons assigned the judgments of the district court and the Court of Appeal dismissing plaintiff’s suit as against Houston Fire and Casualty Insurance Company are reversed and set aside, the plea of prescription filed by that defendant is now overruled, and the cause is remanded to the district court for further proceedings according to law and consistent with the views herein expressed. The costs of all courts incident to the plea of prescription are to be borne by Houston Fire and Casualty Insurance Company. The other costs are to await the final determination of the litigation.