BOLIN, Judge.
This appeal is from judgment favoring plaintiff in an action for property damage resulting when plaintiff’s Volkswagen, driven at the time by her minor son Rodney, 'collided with the right rear corner of defendant’s truck. Defendant’s plea of contributory negligence was rejected.
Both vehicles were proceeding north on Line Avenue, a four-lane street in Shreveport, the truck in the left or inside lane and the Volkswagen in the right or curb lane slightly to the rear of the truck. The sole disputed issue in this case is one of fact, i. , e., whether defendant’s truck invaded plaintiff’s lane of travel in such a manner and at a time when the latter was unable to avoid running into the rear of the truck. The lower court did not assign written reasons for its judgment, but in allowing plaintiff to recover and rejecting defendant’s plea of contributory negligence it necessarily concluded plaintiff was free of negligence and the accident was caused entirely by defendant driver negligently changing lanes of traffic and thereby invading plaintiff’s lane. As our decision herein rests almost entirely upon a resolution of the facts, and as only oral reasons were assigned for the judgment below, we deem it necessary to give a résumé of the pertinent evidence.
Defendant truck driver testified he negotiated the intersection of Line Avenue and Olive street on a green light and drew up behind another car which was stopped about 100 feet from the intersection and was signaling for a left turn; that as he “almost stopped” he saw the Volkswagen coming up behind him too rapidly to stop so he moved right up on the bumper of the preceding car. At that moment the Volkswagen struck the right rear corner of the truck van, careened across the street into a sign, and finally came to rest on the grass with two wheels on the pavement parallel with the truck van. Defendant driver further testified he did not attempt to nor did he change lanes.
Rodney Barber, driver of the Volkswagen testified he observed the truck in its proper lane as they cleared the intersection of Olive and Line Avenue, at which time his front bumper was about even with defendant’s rear bumper, but the next thing he ob *651 served (the instant before collision) was the rear of the truck in his lane and he swerved to avoid a collision but was unable to do so.
Barber contends, and the two occupants of his car so testified, that the truck changed lanes and that he could not avoid the accident. The driver of the car preceding the truck testified that he heard the collision and looked in his rearview mirror and saw the truck behind him in its proper lane.
In light of the conflict in testimony relative to the question of whether or not defendant invaded plaintiff’s lane of travel, examination of Rodney Barber’s testimony is necessary to resolve the issue of contributory negligence affirmatively pleaded by defendant.
Rodney’s entire testimony reflects he was greatly interested in showing off his new Volkswagen to his friends, whom he had just picked up for a drive, and his answers to questions on cross-examination show he was paying little or, no attention to his driving.
When asked how many cars there were between him and the truck at the time he' first saw the truck, he answered:
A. “I don’t know how many cars there were and I don’t know how many were behind him or in front of me, because at the time I just wasn’t paying any attention to it. I had just got my car—
Q. “Go ahead; you had just gotten your car—
A. “I had gotten my car about three days-—-three days before on the fourth, and I was just interested in showing it off to my friends.”
And when asked what the truck did after it went through the Olive street intersection, he stated, “The first thing I noticed he was over in my lane.”
It is apparent to us that had he been observing the truck as he had a duty to do, he would have noticed the alleged maneuver the moment the truck’s front wheels turned and would have been able to begin his stopping or swerving maneuver in time to avoid the collision. He testified that he was not alongside the van when he noticed the back of the truck in his lane; rather he stated his front bumper was even with the truck’s back bumper. This failure to observe traffic immediately in front of him can only be ascribed to the fact that he was not maintaining a proper lookout, which negligence is sufficient to preclude his recovery in this action.
The general rule, as stated in 38 A. L.R.2d at page 117 and followed in Louisiana, is to the effect that where one motor vehicle overtakes and attempts to pass another such vehicle on its right, the drivers of both vehicles must exercise reasonable care to avoid an accident.
We are aware of the duty of drivers of vehicles on multi-laned streets to change lanes only after ascertaining that the change can be made in safety. However, in Adams v. Kennard (La.App. 1 Cir., 1949) 42 So.2d 332, it was held that where an accident occurred when the forward motor vehicle turned right without adequate signal and a vehicle which was following crashed into it, the non-signaling driver or owner was not liable when the accident was found to be the result of the negligence of the other driver rather than that of the non-signaling motorist. See also Pelt v. Home Indemnity Company et al. (La.App. 1 Cir., 1960) 118 So.2d 148.
The court in McNulty v. Toye Bros. Yellow Cab Co. (Orl.La.App.1954) 73 So.2d 23, 26, adopting the rationale of Gandy v. Arrant (La.App. 2 Cir., 1951) 50 So.2d 676, succinctly outlined the duty of observation, as follows:
“Courts have come to the realization that traffic conditions of today being what they are, a person operating an automotive vehicle in a line of traffic must be at all. times, vigilant and alert *652 and must keep a sharp lookout for sudden maneuvers by vehicles ahead and appraise carefully the existing conditions. * * * ”
Taking all the evidence in the light most favorable to plaintiff for the purpose of determining the issue of contributory negligence, we conclude that even if defendant invaded plaintiff’s lane he did so only slightly and gradually, and had returned to and stopped in his own lane at the time of the collision. Under these circumstances we conclude defendant’s plea of contributory negligence is clearly good and should have been sustained because if plaintiff driver had maintained a lookout and exercised reasonable care he could have avoided the accident.
For the reasons assigned, the judgment of the lower court is reversed and the case is dismissed with costs to be paid by the appellee.
Reversed.