222 So.2d 628 (1969)
Janice M. WARD
v.
Alvin P. AUCOIN et al.
No. 3506.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1969.
*629 Henry F. Mestayer, New Orleans, for plaintiff-appellant.
Beard, Blue, Schmitt & Treen, David C. Treen, Robert L. Livingston, Jr., New Orleans, for defendants-appellees.
Adams & Reese, Timothy G. Schafer, New Orleans, for third party defendant-appellee.
Before REGAN, YARRUT, and SAMUEL, JJ.
REGAN, Judge.
The plaintiff, Janice M. Ward,[1] filed this suit against the defendants, Alvin P. Aucoin, Globe Television Technicians, Inc., his employer, and its insurer, the American Employers' Insurance Company, endeavoring to recover the sum of $12,299.35, representing damages for personal injuries which she asserts were incurred as the result of the negligence of Aucoin in the operation of a truck in the Airline Highway which rear ended her vehicle.
*630 The defendants answered denying the plaintiff's accusations of negligence and then filed a third party petition against Barq's Beverages, Inc., seeking contribution from this litigant on the theory that the proximate cause of the accident was the negligence of its operator in driving from a private parking area into the path of the plaintiff's vehicle. Subsequently, the plaintiff amended her petition to include Barq's Beverages, Inc., as a codefendant.
Following a trial on the merits, judgment was rendered in favor of the defendants, Alvin P. Aucoin, Globe Television Technicians, Inc., American Employers Insurance Company and against the plaintiff dismissing this suit at her cost. The lower court was also of the opinion that the driver of the Barq's vehicle was guilty of negligence; however, judgment was rendered in favor of Barq's Beverages, Inc., against the plaintiff by virtue of maintaining its plea of prescription of one year.
From that judgment, the plaintiff has prosecuted this appeal.
The record discloses that when the accident occurred both the plaintiff's and the defendants' vehicles were driving north in the Airline Highway or toward Baton Rouge. A truck, later identified as one owned by Barq's Beverages, Inc., drove out of the parking area of Schwegmann Brothers Supermarket and into the path of the plaintiff's vehicle. In order to avoid a collision, she stopped her vehicle abruptly whereupon the left rear portion thereof was struck by the right front section of the defendants' vehicle. It is conceded that neither vehicle was moved until the police arrived.
The record establishes as a fact that Aucoin had been driving in the second lane from the neutral ground, while Miss Ward was proceeding in the third lane from the neutral ground moments before the collision occurred.
The focal point of dispute between the plaintiff and the defendants is the exact location of the collision. The lower court found as a fact that when the plaintiff executed an emergency stop, she drove to the left into the second lane of traffic from the neutral ground and into the path of the Aucoin vehicle. Of course she protests this finding vehemently; however, the court predicated its conclusion upon the testimony of Aucoin and the investigating officer who, admittedly, saw the vehicles before they had been moved. Our analysis of the record, which is somewhat contradictory, convinces us that the lower court was correct in concluding that the plaintiff veered into Aucoin's lane of traffic directly in front of him, and therefore, he was not at fault.
R.S. 32:104, subd. A provides that no person shall turn a vehicle or move it to the right or to the left on a roadway unless such movement can be made with reasonable safety. Moreover, the jurisprudence is settled that the driver of a motor vehicle who wishes to change lanes on a multiple lane highway is obligated to ascertain that such a change may be made safely and without interfering with overtaking traffic.[2] We cannot place upon Aucoin the burden of guessing that an operator of a motor vehicle moving in an adjacent lane will suddenly change lanes and drive in front of him without previous warning.
In any event, this action by the plaintiff which was provoked by a sudden emergency did not impose liability upon her *631 for negligence, but it did nevertheless absolve Aucoin and his codefendants from any liability emanating from the accident.[3]
The judge of the lower court concluded that the proximate cause of the collision was the negligence of the operator of the Barq's vehicle in driving from a place of safety into the path of moving traffic. He also concluded, and it is not seriously disputed by counsel that the plaintiff was confronted with a sudden emergency and acted within the limits of care judicially established for one confronted with such an event. Thus, we agree with the lower court in its reasoning that the plaintiff was not at fault. Barq's Beverages, Inc., pleaded the prescription of one year, and elucidated therein that in the event the lower court should find that it was not a joint tort feasor with Aucoin, the plaintiff's supplemental petition joining it as a party defendant was prescribed by the passage of one year. After the case was tried and the judge of the lower court concluded that Aucoin was not guilty of negligence, he maintained Barq's plea of prescription predicated upon the fact that it had been joined as a party defendant more than two years after the accident. The chronology of the event insofar as the plea of prescription is concerned is as follows. The collision occurred on March 3, 1965, and the plaintiff's original petition against Aucoin and his employer was filed on March 2, 1966. Thereafter, Barq's was made a third party defendant by the original defendants on July 6, 1966. The plaintiff then filed a supplemental petition on April 12, 1967, making Barq's Beverages, Inc., a party defendant.
Barq's Beverages, Inc., was therefore not named as a third party defendant until approximately sixteen months after the occurrence of the accident, nor was it made a party defendant by the original plaintiff for more than two years after the date of the accident. It is jurisprudentially settled that a suit timely filed against one defendant does not interrupt prescription against another defendant unless the two were bound solidarily for the damages incurred by the plaintiff.[4] In this case, the lower court found, and we are convinced that it was correct, that there was no solidary liability between the defendants. Consequently, it is evident that the plaintiff's suit against Barq's, having been instituted more than two years subsequent to the accident was not timely filed.
The plaintiff in brief relies on the rationale emanating from the case of Carona v. Radwin,[5] wherein the principal defendant filed an answer and third party demand against another tort feasor within a year of the date of the accident. Subsequently, the third party defendant was made a defendant by the plaintiff, and the court reasoned that prescription had been interrupted as a result of the third party defendant's having been placed on notice that his negligence was an issue in the lawsuit within the one year period. In this case, however, the third party demand was not filed until after a year had passed from the date of the accident. Therefore, the third party defendant, Barq's, received no notice of the fact that it would be involved in the suit until after the one year prescriptive period had tolled. Consequently, the lower court committed no error in maintaining the exception of prescription pleaded on behalf of Barq's Beverages, Inc.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.
NOTES
[1] At the time of the accident, the plaintiff was a feme sole, but before this suit was filed she married and is now a Mrs. Centanni.
[2] See Blanchard v. Hardware Mutual Casualty Company, 153 So.2d 517 (La. App.1963); Barber v. Thompson-Hayward Chemical Company, 152 So.2d 649 (La.App.1963).
[3] See Mire v. Birmingham Fire Insurance Company of Pennsylvania, 176 So.2d 624 (La.App.1965).
[4] See Martin v. Mud Supply Company, Inc., 239 La. 616, 119 So.2d 484 (1960); Labruzza v. Boston Insurance Company, 198 So.2d 436 (La.App.1967).
[5] 195 So.2d 465 (La.App.1967).