BARNETTE, Judge.
This is the second time an appeal has been before us involving the accident in question. Plaintiff, Forest J. Brady, instituted suit for personal injuries and special damages arising out of a collision of his automobile with a bundle of sugarcane which fell from a tractor-trailer directly into the path of plaintiff’s oncoming vehicle. The facts of the case were stated by us in our original opinion, Brady v. American Insurance Company, La.App., 198 So.2d 907 (1967), and a restatement at this time is unnecessary.
The present suit was filed by plaintiff on April 25, 1967, naming as defendants Terre Haute Plantation, Inc., and James J. Bernard, owner and driver respectively of the tractor-trailer, and The American Insurance Company, an alleged insurer of Terre Haute. Terre Haute and American filed an exception and plea of prescription of one year. By separate pleadings American and Bernard, who had been made defendants in the first suit, filed peremptory exceptions of res judicata and pleas of prescription of one year. After hearing all exceptions and pleas, judgment was rendered March 4, 1969, maintaining the exceptions of res judicata and Terre Haute’s plea of prescription and dismissing plaintiff’s suit. From this judgment plaintiff appealed devolutively. On oral argument before this court counsel for plaintiff conceded the correctness of the trial court’s ruling as to the exception of res judicata, and, therefore, the only issue before us is defendant Terre Haute’s plea of prescription.
The accident sued upon occurred on November 2, 1962. Plaintiff filed suit timely alleging liability against American and Bernard and other parties, but Terre Haute was not made a defendant in that suit. On February 9, 1964, well beyond one year after the date of the accident, Terre Haute was third-partied by two of the original defendants, The Hertz Corporation, owner of the tractor-truck, and its insurer, Atlantic National Insurance Company, for indemnity or contribution in the event they should be cast for damages. Plaintiff relies upon the contention that the third-party petition against Terre Haute had the effect of interrupting prescription because Terre Haute was thereby placed on notice that a judicial demand was pending against it arising out of the cause of action, citing as authority Carona v. Radwin, 195 So.2d *415 465 (La.App. 4th Cir. 1967). We must reject this contention. The authority of the Carona case is not applicable to the factual situation presented in this case.
In that case, Carona sued the defendant Radwin who filed an answer and third-party demand against Guidry, another alleged tort-feasor, within a year of the date of the accident, seeking indemnity or alternatively contribution from Guidry as a joint tort-feasor solidarily obligated for damages to Carona. Subsequently, the third-party defendant Guidry was made a defendant by the plaintiff Carona after a year from the date of the accident. The trial court decided against Guidry, holding that his negligence was the sole proximate cause of the accident. This judgment had the effect of exonerating Radwin and destroying the basis of solidary liability to Carona. At this point Guidry and his insurer interposed the exception of prescription of one year. The exception was maintained by the trial court. On appeal this court held that prescription had been interrupted as a result of the third-party defendant’s having been judicially placed on notice within the one-year period that his negligence was an alleged cause of plaintiff’s injury, and hence an issue in the lawsuit. In this case, however, Terre Haute was not third-partied until after a year had passed from the date of the accident. It cannot be held to have received timely legal notice that its negligence was an alleged cause of Brady’s injuries to fall within the purview of the Carona decision. See also Ward v. Aucoin, 222 So.2d 628 (La.App. 4th Cir. 1969).
Plaintiff also argues that irrespective of our position regarding the Carona decision applied to the facts of this case, prescription was interrupted from October 17, 1963, the date.of filing of the original petition, because Terre Haute then had actual notice of plaintiff’s suit on the cause of action. We have no doubt that Terre Haute had actual knowledge of the pend-ency of Brady’s initial suit against its employee Bernard and its insurer American, but that had no bearing on the running of prescription in Terre Haute’s favor. Martin v. Mud Supply Company, 239 La. 616, 119 So.2d 484 (1960). In that case, in a similar situation, the Supreme Court said:
“Our research has not revealed any jurisprudence which holds that knowledge alone of the filing of a suit against a closely associated person or company constitutes an interruption of prescription as to one not cited within a prescriptive period.
* * * * * *
“The evidence of record conclusively shows that Houston Fire and Casualty Insurance Company had knowledge of the filing of plaintiff’s suit, but this fact, as shown by the jurisprudence, supra, had no effect upon the tolling of liberative prescription in favor of the liability insurance carrier where it was not named as a party defendant within the one-year prescriptive period. Here, there was no fraud nor concealment of information by Houston Fire and Casualty Insurance Company; such fact was conceded by counsel for plaintiff.” 119 So.2d at 492, 493.
Terre Haute was insured under two policies written by American. One policy covered the cane trailer and the other was a comprehensive policy covering operations on the plantation. Both policies contained exclusion clauses the effect of which was that neither policy provided coverage for the liability sued upon. The details of the policies and the pertinent exclusion clauses are fully set forth in our original opinion in this case in 198 So.2d at p. 913.
Plaintiff’s counsel argues that the contractual relationship between Terre Haute and its insurer American obligated them in solido to plaintiff and that the timely suit against American interrupted prescription as to Terre Haute on the came of action sued upon, under the authority of LSA-C.C. art. 2097 and LSA-R.S. 9:5801. He argues that American was not released from this obligation until the effective date of the opinion of this court, handed down *416 on May 1, 1967, and hence when the present suit was filed on April 25, 1967, there still existed between American and Terre Haute the relationship of solidary obligors. He cites Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1st Cir. 1960); Burch v. Hartford Accident and Indemnity Company, 172 So.2d 165 (La.App. 1st Cir. 1965); and Wilks v. Allstate Insurance Company, 195 So.2d 390 (La.App. 3d Cir. 1967), in support of his argument.
None of the authorities cited by plaintiff are relevant to the legal and factual situation here. There was never any liability of American to plaintiff. There was no insurance coverage and no cause or right of action existed against American; hence, there was no solidary obligation between American and Terre Haute to plaintiff at any time.
There was no obligation of “debtors in solido" to invoke the application of LSA-C.C. art. 2097, and LSA-R.S. 9:5801 is not applicable since Terre Haute was not a named defendant in the original suit. Both these points were clearly resolved by the Supreme Court in Martin v. Mud Supply Company, supra. As to the latter point the Court said:
“An examination of the statute, supra, clearly reflects that in order for prescription to be interrupted as to a party affected by a cause of action, such party must be named as a party defendant. Here, Houston Fire and Casualty Insurance Company was not named a defendant in the original petition filed by plaintiff. It follows that LSA-R.S. 9:5801 is not applicable to the present matter and can afford plaintiff no relief.” 119 So.2d at 492.
Therefore, the timely suit against American was no more effective as an interruption of prescription as to Terre Haute than if it had been filed against any other unrelated third party. Labruzza v. Boston Insurance Company, 198 So.2d 436 (La.App. 4th Cir. 1967).
For the same reason, we might add, the timely suit against Bernard, who was an employee of Terre Haute, did not interrupt prescription as to Terre Haute because Bernard was adjudged not liable to plaintiff, and hence there was no solidary liability with Terre Haute.
We are not unmindful of the liberal attitude adopted by our courts in their desire to avoid the defeat of just claims on mere technicalities. We adopted that attitude and applied the principle it embraces in our opinion in Andrepont v. Ochsner, La.App., 84 So.2d 63 (1955). Furthermore, we have carefully considered the factual situations involved in Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209 (1945); Jackson v. American Employers’ Ins. Co., 202 La. 23, 11 So.2d 225 (1942); and in Andrepont. In all of those cases there could be no mistake of the plaintiff’s intention to bring suit initially against the proper defendant, but because of confusion in names and management citation was directed toward the wrong party. The courts held in those cases that the proper party was legally and timely apprised of the plaintiff’s demands against it. Those cases were also cited and considered by the Supreme Court in Martin v. Mud Supply Company, supra, and the Court held, as we hold in this case, that the factual situation does not support the application of the principle invoked in those cases. Here, quite clearly, there was no intention to bring suit initially against Terre Haute.
The exception of prescription must be maintained.
The judgment maintaining the exceptions of res judicata and prescription of one year and dismissing plaintiff’s suit at his cost is affirmed.
Affirmed.