CUTRER, Judge,
dissenting.
I respectfully dissent.
The majority concludes that the rationale and holding of Jackson v. American Employers’ Insurance Company, 202 La. 23, 11 So.2d 225 (1942) is applicable to the facts of this case.
I strongly feel that there are two significant distinguishing features between this suit and the Jackson case which render the principles of Jackson inapplicable to this suit.
First, in Jackson there was communication between the claims manager for the *218 insurance group which had the effect of misleading plaintiff’s counsel. A letter sent to plaintiff’s attorney by the claims manager read as follows:
“Re: Ernest Jackson. Your letter of February 14th [which was the day previous to the date of the manager’s letter] was received. I attempted to communicate with your office today by telephone, but was advised that you were out of the city. At your convenience, if you will telephone the writer at Magnolia 4154 for an appointment, I will be glad to discuss this matter with you at any time.”
The court stressed the significance of the letter and the fact that the letter had the effect of misleading the attorney until the period of prescription had expired. In this regard, the court made the following observation:
“The manager of the claim department for the group of insurance companies, of course, could not render the Employers’ Liability Assurance Corporation, Ltd., liable on the policy issued by the American Employers’ Insurance Company; but there is no doubt that the letter written by him in the regular course of his employment as claims manager for both companies unintentionally led the attorney to believe that his client’s claim was made upon the company that had issued the policy. The original suit, having been brought against the company that had not issued the policy, could not have resulted in a judgment either against that company or against the company that had issued the policy. But the filing of the suit gave sufficient notice to the company that had issued the policy to interrupt prescription.” (Emphasis added)
Also, the recent case of Dickinson v. Maryland Casualty Company, 364 So.2d 179 (La.App. 1st Cir. 1978), writs ref’d, 366 So.2d 561 (La.1979), followed Jackson, stressing the misleading communication between the claims manager of the insurance group and plaintiff’s counsel. The court, in Dickinson, referring to the communication, its form and effect, held as follows:
“The letterhead used had ‘Maryland Casualty Company’ in large type across the top of the page, and immediately beneath, in small type, a list of the American General Companies. All other correspondence between Mr. Stephens and the plaintiffs, or their attorney, was on stationery headed ‘Maryland’ in large type, with no other corporate designation. Across the bottom of the page in small type there is ‘Maryland Casualty Company, Baltimore-Member of the American General Group.’ All letters on this letterhead, except the first, were written after suit was filed on February 27, 1976.” ******
“The facts of the Jackson case are indistinguishable from those of the instant case, even to the point that the plaintiff’s attorney was misled as to the name of the insurer by the letterhead of the claims adjuster.” (Emphasis added)
In the case at hand, there was no communication between the insurance group and the plaintiff or his attorney which may have misled the plaintiff as to which company may have insured Vidrine. In Jackson and Dickinson the misleading communication to plaintiff’s counsel by the insurance group was material to those decisions.
The second major distinction is that plaintiff failed to ascertain the identity of the proper insurer from the Insurance Rating Commission.
In the case of Martin v. Mud Supply Company, 119 So.2d 484 (La.1960), the Supreme Court, in maintaining the plea of prescription filed by Houston Fire and Casualty Insurance Company, referred to the Jackson case and held as follows:
“The instant case does not involve a question of incorrect citation; there was no citation until after the prescriptive period. Plaintiff did not avail herself of the provisions of Act 371 of 1940, LSA— R.S. 22:1522, which were available to her. In the Jackson case, supra, we remarked that, ‘Act 371 of 1940 requires the Casualty and Surety Rating Commission to furnish to any claimant or to the attorney for any claimant, upon his request being *219 made at any reasonable time, the name of the employer’s insurer or insurers in compensation matters, or the name of the insurer with regard to personal injury claims. * * * ’ See, Bowerman v. Pacific Mut. Ins. Co., 212 La. 1000, 34 So.2d 53.”
The record reflects that the attorney representing the plaintiff herein was employed by plaintiff in the workmen’s compensation aspect of the plaintiff’s accident shortly after the injury. No inquiry by plaintiff or his attorney was made of the Insurance Rating Commission to ascertain which company insured Eldridge Vidrine, even though, according to a stipulation entered into by the attorneys for plaintiff, interve-nor and defendants, the plaintiff’s attorney was aware of the existence of both Southern Farm Bureau and Louisiana Farm Bureau Mutual, and the availability of coverage information from the Insurance Rating Commission. The suit against the wrong insurance company could have been avoided if plaintiff would have availed himself of the Insurance Rating Commission information. See also, Bowerman v. Pacific Mut. Ins. Co., 34 So.2d 53 (La.1948). The law requires that reasonable diligence be made to discover the proper defendant. Dean v. Hercules, Incorporated, 328 So.2d 69 (La. 1976); Martin v. Mud Supply Company, supra.
I would hold that the principles enunciated in Jackson are not applicable to this case. There was no communication from the insurance group which could have misled plaintiff. Also, plaintiff failed to ascertain the identity of the proper insurer from the Insurance Rating Commission.
For these reasons, I respectfully dissent.