MARVIN, Judge.
Some six weeks before the first anniversary of an alleged slip and fall in a Piggly Wiggly grocery in Winnfield, plaintiff sued the non-resident franchisor, Piggly Wiggly Corporation, for damages.
Thereafter, but still before the anniversary of the alleged accident, plaintiff’s counsel was informed in writing, of the name and address of the franchisee and of its agent for service of process, that the franchisor did not own, operate, or maintain the store, and that the proper party defendant was the franchisee of the store, a Louisiana corporation, Winnfield Piggly Wiggly, Inc.[1]
*846 More than 24 months after plaintiff learned these things, plaintiff amended her petition in an attempt to substitute the franchisee as the defendant in the case.[2] The franchisee then filed an exception of one year liberative prescription which was sustained. She appealed. We affirm.
The Supreme Court has indicated in its writ consideration in Clark v. McDonald’s System, Inc., 386 So.2d 95 (La.1980), that a suit against a franchisor interrupts prescription against a franchisee where the franchisee is joined as a defendant after the anniversary date of the alleged accident. There the plaintiff joined the franchisee of a McDonald’s restaurant two days after the franchisor asserted in a motion for summary judgment that another and not the franchisor owned and operated the restaurant where the alleged accident occurred.
Here the plaintiff learned of the proper party defendant and where and through whom that defendant could be served even before the anniversary of the alleged accident and plaintiff allowed 24 months to elapse before attempting to name the franchisee as defendant in the case.
As to solidary obligors, it is true that, once interrupted by the filing of a suit against one obligor, liberative prescription against another solidary obligor remains interrupted for as long as that suit is pending,[3] but here, plaintiff has not shown and does not contend that the franchisee and franchisor are solidary obligors.
A plaintiff must exercise reasonable diligence in ascertaining the identity of the party injuring him. Dean v. Hercules, Inc., 328 So.2d 69 (La.1976); Martin v. Mud Supply Company, 239 La. 616, 119 So.2d 484 (1960). That obligation should follow plaintiff during the course of the transaction or the litigation out of which plaintiff claims an interruption of prescription. For example, a vendor’s attempt to remedy a redhibi-tory vice interrupts the liberative prescription accruing against a vendee who has discovered the vice. The interruption, however, does not continue indefinitely and the liberative prescription begins to run anew when the vendor’s attempt to remedy is concluded. See Hermeling v. Whitmore, 140 So.2d 257 (La.App. 1st Cir. 1961) and Smith’s Materials on Sales and Leases by Litvinoff at p. 386. Similarly, the interruption of the liberative prescription of non-use of a mineral servitude by the drilling of a well in search of oil does not continue indefinitely but ends when the well is abandoned as a dry hole or is shut-in after testing. See LRS 31:30 and 34. That is the very nature of an interruption of liberative prescription.
We hold then that when a plaintiff learns the name and address of the proper but unnamed defendant, who is not solidarily obligated with the named defendant, the interruption or claimed interruption of prescription against the unnamed defendant is ended and prescription then begins to run anew. Here, plaintiff learned of the name and address of the unnamed defendant more than one year before she filed her amended petition seeking to substitute defendants on January 7, 1980.
AFFIRMED at appellant’s cost.

. This alleged accident occurred January 24, 1977.
The franchisor was sued December 8, 1977. On December 20, 1977, and on December 23, 1977, plaintiffs original counsel was informed by letter from the franchisor’s general counsel that the franchisor did not own, operate, or maintain the Winnfield Piggly Wiggly store and suggested that the franchisee, Winnfield Piggly Wiggly, Inc. be substituted as the proper party defendant.
On December 30, 1977, in written reply to a letter from plaintiffs counsel dated December 27, 1977, the president of the franchisee informed plaintiff’s counsel of the name and address of the franchisee’s agent for service of process.
On January 18, 1978, plaintiff’s counsel inquired to the franchisee’s agent for service of process and was advised in a letter of January 20, 1978, that he was indeed the agent for service of process for the franchisee corporation.
On January 7, 1980, plaintiff filed an amended petition substituting the franchisee as defendant.
On January 18, 1980, the franchisee filed the exception of prescription which was sustained on May 29, 1980.
Here the franchisee learned of the plaintiff’s suit about the same time that plaintiffs counsel learned of the correct name and address of the franchisee and its agent for service of process.
Plaintiff’s present counsel argues in brief that settlement negotiations were conducted with plaintiff and a counsel for plaintiff in 1979. This evidence, even if admissible, is not in the record and we are not persuaded by this argument to a contrary result. See Broussard v. State Farm Mutual Automobile Ins. Co., 188 *846 So.2d 111 (La.App. 3d Cir. 1966). The burden of proving an interruption or suspension of, or an estoppel to claim, prescription is on him who makes the contention. See Cordova v. Hartford Acc. & Indem. Co., 378 So.2d 1088 (La.App. 3d Cir. 1979).

. The amending petition seeks to delete the franchisor and to insert the franchisee as the sole defendant in the original petition. The amending petition asks that service be made on the agent for service of process and at the address which was furnished plaintiff’s counsel in the letter of December 30, 1977, from the president of the franchisee. This letter reads in part:
“The Piggly Wiggly Corporation does not own the Winnfield Piggly Wiggly Store. It is incorporated as Winnfield Piggly Wiggly, Inc. and the registered agent is Mr. Haynes L. Harkey, Jr., 1504 Stubbs Ave., Monroe, La. 71201.”

. CC 2095, 2097; Burch v. Hartford Accident and Indemnity Company, 172 So.2d 165 (La. App. 1st Cir. 1964). See also LRS 9:5801; Ticheli v. Silmon, 304 So.2d 792 (La.App. 2d Cir. 1974).