478 So.2d 712 (1985)
Barbara D. McNARY, Plaintiff-Appellant,
v.
Donald D. SIDAK, Defendant-Appellee.
No. 84-760.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
*713 Michael Harson, Lafayette, for plaintiff-appellant.
Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, John F. Simon, Alexandria, for defendant-appellee.
Before GUIDRY, STOKER and KING, JJ.
KING, Judge.
The sole issue presented in this case is whether or not the trial court erred in sustaining defendant's exception of prescription and dismissing plaintiff's suit.
On August 22, 1983, plaintiff, Barbara D. McNary (hereinafter plaintiff), filed this malpractice suit against defendant, Donald C. Sidak (hereinafter defendant), her courtappointed *714 attorney, alleging that he was negligent in his representation of her in a suit for partition by licitation of immovable property in which she owned an interest. The defendant filed a peremptory exception contending that prescription began to run on August 9, 1982 when plaintiff discovered and confirmed that the property had been sold at Sheriff's sale on June 30, 1982. In response to the exception, plaintiff claimed that prescription did not commence to run until late September, 1982 when she received the case file from the defendant and reviewed it and discovered for the first time that the defendant had failed to attempt to notify her of the date of the impending Sheriff's sale. The trial court found that prescription had commenced at the time the plaintiff confirmed that the sale had taken place (August 9, 1982), so that her cause of action prescribed prior to her filing suit on August 22, 1983. The trial court dismissed plaintiff's suit and plaintiff now appeals, alleging that the trial court erred in concluding that the one year period of prescription commenced on August 9, 1982, the date upon which the trial court determined that the plaintiff first had sufficient actual or constructive notice of her claim.
For the reasons hereinafter set forth, we affirm the decision of the trial court.

FACTS
On February 16, 1982, the plaintiff's exhusband, Virgil Lee McNary, filed a petition for partition by licitation in the Ninth Judicial District Court in Rapides Parish, Louisiana in order to effect the partition of the community home purchased during their former marriage. The plaintiff, Barbara D. McNary, who was the defendant in the partition suit, was an absentee from Louisiana, then living in Nice, France. The Court appointed Donald C. Sidak to represent the absentee, Mrs. McNary.
On February 18, 1982, Mr. Sidak contacted Mrs. McNary by certified mail and enclosed the citation and a copy of the petition. In his letter to Mrs. McNary, Sidak stated:
"[I] will file a general denial of the allegations as the court appointed attorney, however, if you desire to contest this matter, you should retain counsel of your choice."
Mrs. McNary testified at the hearing on the exception that she wrote Mr. Sidak informing him of her desire to prevent the sale and advising him that either he or Mr. Charles Nunnally, an attorney who had represented her in other legal actions, should handle the matter. Mr. Sidak filed a general denial on behalf of Mrs. McNary and on March 10, 1982, Mr. Sidak again wrote her. In this second letter, Sidak stated:
"[I] spoke with Charles Nunnally and he will take what ever action he feels necessary.
As the court appointed attorney, I have filed an answer of general denial this date which terminates my duty as court appointed attorney...."
In neither letter was there any mention of a date for the impending Sheriff's sale. This was the last correspondence between Mrs. McNary and Mr. Sidak until Mrs. McNary requested her case file from him on August 27, 1982. Mrs. McNary did not attempt to contact Mr. Nunnally nor did he attempt to contact her prior to the Sheriff's sale of the property.
Judgment was rendered in the partition suit on April 28, 1982. Mr. Sidak signed the written judgment as curator, approving the form and contents of the judgment. Subsequently, the property was sold at Sheriff's sale on June 30, 1982 to Virgil Lee McNary, plaintiff's former husband, for two-thirds of its appraised value.
Mrs. McNary returned to the United States in late July, 1982. On August 7, 1982, while attending a party in Alexandria, Louisiana, Mrs. McNary was surprised when informed by an acquaintance that her former husband had purchased the former community home through a Sheriff's sale. The following Monday, August 9, 1982, Mrs. McNary called Mr. Nunnally, the attorney she believed was representing her, to investigate whether or not the sale *715 of the property had taken place. Mr. Nunnally confirmed that the property had been sold, but denied any involvement in the matter. According to Mrs. McNary, Mr. Nunnally told her that Mr. Sidak was responsible for handling the matter. Mrs. McNary did not contact Mr. Sidak. Rather, she then consulted with an attorney in Lafayette, Louisiana, who declined to accept representation of her, and then employed her present attorney who filed suit against Mr. Sidak on August 22, 1983.
Mrs. McNary claims that Mr. Sidak committed legal malpractice by failing to give her notice of the impending Sheriff's sale which, according to her, deprived her of any right or opportunity to appear and purchase the property herself or at least to bid up the price in order to protect her interest in the property.
Mr. Sidak filed an exception of prescription maintaining that the malpractice suit was filed more than one year after Mrs. McNary's cause of action arose. The trial court sustained the exception and dismissed the suit. Mrs. McNary filed a motion for a new trial which was denied and then timely appealed.

ASSIGNMENT OF ERROR
In her only assignment of error, plaintiff contends that the trial court erred in holding that the one year prescriptive period on her malpractice claim commenced to run on August 9, 1982, the date upon which the trial court determined that she had sufficient actual or constructive notice of her claim.
The former article of the Louisiana Civil Code, Article 3536, governing prescription at the time when plaintiff's claim arose provided that actions for damages resulting from offenses or quasi offenses were subject to a liberative prescriptive period of one year. (The present Louisiana Civil Code Article governing prescription, Article 3492, also provides that delictual actions are subject to a one year liberative prescriptive period.) In the very recent case of Rayne State Bank & Trust Co. v. National Union Fire Insurance Co., 469 So.2d 409 (La.App. 3rd Cir.1985), this court adopted the position that a legal malpractice action can be either a tort action, with a one year period of prescription, or a contract action, subject to a ten year prescriptive period. This is the position to which the First, Second and Fourth Circuit Louisiana Courts of Appeal adhere in Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir.1983); Knighten v. Knighten, 447 So.2d 534 (La.App. 2nd Cir.1984), writ den. 448 So.2d 1303 (La. 1984), and Sturm v. Zeldin & Zeldin, 445 So.2d 32 (La.App. 4th Cir.1984), respectively. In adopting this position, this Court rejected its prior position as articulated in Wingate v. National Union Fire Insurance Co., 435 So.2d 594 (La.App. 3rd Cir. 1983), writ den. 440 So.2d 762 (La.1983), that a malpractice action against an attorney may state a claim both in tort and contract, though the petition is couched in language asserting a claim based only upon the negligence of the attorney.
The First Circuit, in Cherokee Restaurant, rejected the notion of Jackson v. Zito, 314 So.2d 401 (La.App. 1st Cir. 1975), writs den. 320 So.2d 551, 553 (La. 1975), and its progeny that there existed a ten year period of liberative prescription for an attorney's "negligent breach of contract." A legal malpractice action will normally be subject to the one year liberative prescriptive period for delictual actions as provided in La.C.C. Art. 3536 (now La.C.C. Art. 3492). Only when an attorney breaches an express warranty will an action for breach of contract arise. Cherokee Restaurant, Inc. v. Pierson, supra. In the case at bar, Mr. Sidak did not guarantee or warrant any result to Mrs. McNary. The record reflects that Mr. Sidak only acted for Mrs. McNary in the matter as a curator ad hoc. Therefore, any claim that plaintiff might have against defendant is delictual in nature and subject to a one year period of prescription.
Though an attorney appointed to represent a nonresident (or an absentee) has the same general duty, responsibility, *716 and authority as if he had been counsel retained by the client himself (See La.C. C.P. Art. 5095) where the relationship is not based upon mutual consent, but merely upon an order of the court, there is no contractual relationship and a cause of action in contract can not arise. The plaintiff's only cause of action is in tort. Bill Nolan Livestock, Inc. v. Simpson, 402 So.2d 214 (La.App. 1st Cir.1981), writ den. 404 So.2d 1260 (La.1981).
Since plaintiff's cause of action lies in tort, it is subject to a one year period of prescription. However, in Louisiana, under the doctrine of "contra non valentem agere nulla currit praescriptio,"[1] prescription does not run against a party who is ignorant of the existence of facts that would entitle him to bring suit, where such ignorance is not willful and does not result from the party's own negligence. Walter v. Caffall, 192 La. 447, 188 So. 137 (1939). The prescriptive period begins to run on the date the injured party discovered or should have discovered the existence of facts that would entitle him to bring suit. The Louisiana Supreme Court in Cartwright v. Chrysler Corp., 255 La. 597, 232 So.2d 285 (1970), stated:
"[I]t is not necessary that the party have actual knowledge of the conditions as long as there is `constructive notice'. Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of everything to which inquiry may lead and such information or knowledge as ought to reasonably put the plaintiff on inquiry is sufficient to start the running of prescription." Cartwright v. Chrysler Corp., 255 La. 597, at page 603, 232 So.2d 285, at page 287 (1970).
In Louisiana, the running of prescription is not interrupted merely because a party is ignorant of his rights. Bill Nolan Livestock, Inc. v. Simpson, supra. A plaintiff must show that a defendant has concealed facts or engaged in fraudulent practices that lulled the plaintiff into a course of inaction which prejudiced his rights, in order to interrupt the running of prescription. Martin v. Mud Supply Co., 239 La. 616, 119 So.2d 484 (1959), on rehearing, 239 La. 633, 119 So.2d 490 (1960); Jackson v. Zito, supra; Bill Nolan Livestock, Inc. v. Simpson, supra. It is clear that prescription is not interrupted until a plaintiff can obtain sufficient evidence to maintain or prove his suit. Brown v. Clingman, 47 La.Ann. 25, 16 So. 564 (1895).
In this case, while attending a party on August 7, 1982, plaintiff learned from an acquaintance that her ex-husband had purchased their community home at a partition sale. By plaintiff's own admission, this was enough to excite her attention and put her on guard. In fact, it did. In response to this information, on the following Monday, she made an inquiry of Mr. Nunnally, who, though denying any involvement, informed her that the sale had in fact taken place and that Mr. Sidak had handled the matter completely. Though alerted to the fact (according to Mr. Nunnally) that Mr. Sidak handled the case, plaintiff did not continue her inquiry by contacting Mr. Sidak to find out why she was not informed of the sale. Instead, she consulted other attorneys without attempting to obtain further information from Mr. Sidak. Her communication with Mr. Nunnally did not end her duty to diligently inquire further. Instead, we feel it heightened her duty and necessitated that she obtain further information so that she would have sufficient knowledge of the matter. Had she done so, she certainly would have learned of the facts, if any existed, which would give rise to a malpractice claim against Mr. Sidak. Nothing in the record reflects that Mr. Sidak concealed information from plaintiff or fraudulently induced plaintiff into a course of inaction which prejudiced her rights. It was only through her own negligence that she failed to obtain actual notice of the facts. The trial court did not err in finding that plaintiff had constructive notice *717 on the date (August 9, 1982) when she learned that the Sheriff's sale of the property had actually taken place.
On appeal, plaintiff argues that though she may have had sufficient knowledge or reason on August 9, 1982 to make inquiry into the validity of the sale, she did not have sufficient knowledge at that time to necessitate inquiry as to actions of the attorney appointed to represent her. She maintains that it was not until she received the case file from Mr. Sidak in September, 1982 that she learned that there were no attempts to give notice of the date of the sale to her, and that it was only then that she became aware of her possible action against Mr. Sidak. However, on August 9, 1982, plaintiff knew that she had never received notice from Mr. Sidak of the date of the sale and she also knew that she had not received any proceeds from the sale. After she spoke with Mr. Nunnally, plaintiff was certainly aware of the facts that she claims now give rise to her possible action, that is of receiving no notice of the sale from Mr. Sidak. Certainly, plaintiff at that time had constructive notice sufficient to cause her to inquire as to why she had not received notice of the sale from Mr. Sidak. If anything, plaintiff was only ignorant of her legal rights based upon those facts known to her; and as previously stated, ignorance of one's rights does not prevent prescription from running. Bill Nolan Livestock, Inc. v. Simpson, supra; Knighten v. Knighten, supra; Martin v. Mud Supply Company, supra; Jackson v. Zito, supra.
For the reasons set forth above, we find that the trial court did not err in holding that the one year period of prescription on plaintiff's malpractice claim against defendant commenced to run on August 9, 1982, when she obtained constructive notice of the facts upon which the claim was based, and accordingly, that the claim had prescribed prior to the filing of this suit on August 22, 1983. We therefore affirm the trial court's maintaining of the defendant's exception of prescription and dismissal of plaintiff's suit at her cost. All costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] No prescription runs against a person unable to bring an action.