KLEES, Judge.
These consolidated cases arise out of an accident on August 14, 1983 in which a tractor pulling a tanker overturned on a down ramp exiting Interstate 10 and exploded. The driver of the tractor, Ralph Tate, and his passenger, Vincent Rivard, were both killed. This appeal is from a summary judgment by the trial court dismissing the action brought by the heirs of Vincent Rivard against defendants Petroleum Transport Company (PETCO) and its liability insurer, Transit Casualty Insurance Company.
Defendants brought the motion for summary judgment on the grounds that PET- *175 CO could not be liable to Rivard because he was an unauthorized passenger riding in the tractor without the knowledge or consent of PETCO. Together with the defendants’ motion for summary judgment, the trial court considered plaintiffs’ motion for leave to file a Fifth Supplemental and Amending Petition, in which plaintiffs alleged for the first time that the accident was caused by the negligence of driver Tate.
On August 4, 1989, the district court denied plaintiffs’ motion for leave to file the supplemental petition and granted defendants’ motion for summary judgment, finding that as a matter of law, neither PETCO nor its insurer Transit Casualty were liable for the negligence of Tate in causing the death of Rivard, an unauthorized passenger. In its Reasons for Judgment, the court noted that had the filing of the supplemental petition been allowed, Transit Casualty could possibly be found liable for the negligence of Tate under the omnibus insured provisions of its policy.
Plaintiffs applied for writs asking this court to overturn the trial court’s denial of their motion to file a supplemental petition. Plaintiffs also appealed the entire judgment. On October 5, 1989, a few days after the appeal was filed, we granted writs, reversed the portion of the judgment denying plaintiffs’ motion to file the supplemental petition, and remanded the case. Plaintiffs subsequently filed a Fifth Supplemental and Amending Petition alleging that the death of Rivard was caused by the negligence of Tate, and that PETCO’s liability insurance with Transit Casualty covered the incident because Tate was a permissive user of the vehicle.
On appeal, defendants argue that the entire judgment dismissing both PETCO and Transit Casualty should be affirmed. However, that portion of the judgment dealing with the filing of the supplemental petition is not properly before us on appeal. We have already exercised our supervisory jurisdiction to allow the filing of the supplemental petition and remanded the case for that purpose. Therefore, the issues raised in the supplemental petition — whether Tate' was negligent and whether Transit Casualty’s policy would cover his negligence in this instance — are still before the trial court. The judgment is not final in this respect, and with regard to these issues, is not yet appealable.
The dismissal of Transit Casualty was predicated upon the trial court’s refusal to allow the filing of the supplemental petition, which we subsequently reversed. As a result of our decision on the writ, Transit Casualty’s dismissal on summary judgment has become a moot issue. We therefore vacate the portion of the judgment below which dismisses Transit Casualty.
Accordingly, our consideration of this case is limited to the portion of the summary judgment dismissing PETCO. According to its Reasons for Judgment, the trial court dismissed PETCO because, as a matter of law, the employer of the driver of a vehicle is not responsible for the negligent killing of a passenger whom the driver has invited to ride with him without the employer’s consent or knowledge. See Ruiz v. Clancy, 182 La. 935, 162 So. 734 (1935). Plaintiff’s now argue that the dismissal of PETCO was in error because PETCO admitted in its answer that Tate was in the course and scope of his employment when the accident occurred, and alternatively, because there is a genuine issue of fact as to whether Tate had permission for Rivard to accompany him in the truck. We find no merit in either argument.
Plaintiffs' first argument is flawed because PETCO admitted in Paragraph VII of its Answer only that Tate was acting within the course and scope of his employment for purposes of coverage under the Louisiana Worker’s Compensation Law. This statement does not constitute an admission that PETCO either knew of or consented to the presence of Rivard in Tate’s truck as a passenger.
Alternatively, plaintiffs contend that there remains a question of fact as to PET-CO’s knowledge and consent, which precludes summary judgment. We disagree.
Defendants’ motion for summary judgment was supported by conclusive evidence showing PETCO had no knowledge of, nor *176 did it consent to, Rivard’s riding as a passenger in Tate’s vehicle. This evidence included dispatch records showing Tate as the only driver assigned to that delivery run; the affidavit of Stanley Ring, PET-CO’s dispatcher, who stated that he spoke to Tate on the morning of the assigned delivery and gave no permisión for Rivard to ride with Tate; the deposition of Don Muller, Chairman of the Board of PETCO, who testified that PETCO had not consented to, nor did it have knowledge of, Ri-vard’s presence in the vehicle; and express company rules forbidding the carrying of unauthorized passengers under penalties of suspension and/or discharge.
Urging that there remains a disputed issue of fact, plaintiffs rely upon an earlier statement of Stanley Ring in which he merely said he did not recall telling Tate that Rivard could go with him. In addition, they rely upon the deposition testimony of Tate’s wife Josephine, which was also introduced as support for the defendants’ motion, that she heard Tate ask the dispatcher (Ring) on the telephone if Rivard could go with him, but she admittedly did not hear Ring’s answer.
As neither of these two pieces of evidence actually contradicts Ring’s affadavit, there is no disputed issue of fact that would preclude summary judgment. Therefore, we find that defendants have proven conclusively that PETCO did not have knowledge of or give permission for Rivard to ride in the truck. Moreover, the law is well settled that an employer is not liable for accidental injuries suffered by an unauthorized passenger riding in the employer’s vehicle without the employer’s knowledge or consent, even if the injury is caused by the negligence of the employee driver. Ruiz v. Clancy, 182 La. 935, 162 So. 734 (1935); Martin v. Mud Supply Co., 111 So.2d 375 (La.App.Orl.1959) alt’d, 239 La. 616, 119 So.2d 484 (1959); Coffey v. Ouachita River Lumber Co., 191 So. 561 (La.App. 2d Cir.1939). In such a case, the employer would be liable only for wilfully or wantonly causing injury to the unauthorized passenger. Lipscomb v. News Star World Pub. Corp., 5 So.2d 41 (La.App. 2d Cir.1941).
As the Fifth Supplemental and Amending Petition contains no allegations that PETCO acted wilfully or wantonly, but only that Tate was negligent, the summary judgment dismissing PETCO is not affected by it and is properly before us on appeal. Furthermore, we find no error in the trial court’s conclusion that PETCO is not liable as a matter of law.
Accordingly, for the reasons stated, we affirm that portion of the judgment dismissing PETCO from the plaintiffs’ action. We vacate the portion of the judgment dismissing Transit Casualty Insurance Company as a defendant.
AFFIRMED IN PART VACATED IN PART.