**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-30098

BLACK CRYSTAL COMPANY INC.

Plaintiff-Appellant,

VERSUS

ASSURANCEFORENINGEN SKULD,
a Norwegian insurance association

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana

00-CV-3479-T

January 8, 2003

Before KING, Chief Judge, and DeMOSS and CLEMENT Circuit Judges.

PER CURIAM:[*]

BACKGROUND

In July of 1981, the Plaintiff/Appellant, Black Crystal

Company ("Black Crystal"), chartered a vessel that was owned by

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

1

Polykyn Navigation Corporation ("Polykyn") and Landaf Shipping Limited ("Landaf"). Numerous disputes arose out of the charter contract, and eventually Black Crystal sued Polykyn and Landaf in the United States District Court for the Western District of Kentucky (the "Kentucky suit"). A default judgment was entered against Landaf and Polykyn and in favor of Black Crystal in the Kentucky suit on June 6, 1986. That judgment was in the amount of $11,312,416.22 plus interest from the date of judgment.[1]

On October 6, 2000, the Civil District Court for the Parish of Orleans entered a default judgment (the "Orleans judgment") in favor of Black Crystal and against Landaf and Polykyn. The Court in the Orleans judgment ordered that the judgment in the Kentucky suit "be entitled to full faith and credit in Louisiana and made executory in Louisiana pursuant to the provisions of the Uniform Enforcement of Foreign Judgments Act found in the Louisiana Revised Statutes at 13:4241, *et seq.*"

On November 22, 2000, Black Crystal filed the instant suit against the defendant/appellee Assuranceforeningen Skuld ("Skuld") alleging that Skuld is the insurer of Landaf and Polykyn and is therefore liable to Black Crystal based on the revived judgments entered against Landaf and Polykyn. Black Crystal alleged that the Louisiana Direct Action Statute, which permits suits by an injured party directly against the insurer of the tortfeasor, is applicable

---

[1] In 1995, a Greek court recognized the Kentucky judgment but that Greek court's decision has no affect on this case.

in the matter and gives the district court jurisdiction over the defendant.

On July 26, 2001, Skuld filed a Motion to Dismiss based on Louisiana prescription. The Motion was granted by the district court on December 12, 2001, and a judgment dismissing Black Crystal's claims with prejudice was entered on December 13, 2001.

Black Crystal now appeals claiming the district court erred in granting the motion to dismiss and in not affording Black Crystal an opportunity to amend its pleading.

## DISCUSSION

**I. Whether the district court erred in granting Skuld's motion to dismiss.**

The grant of a motion to dismiss is reviewed *de novo*. *St. Paul Mercury Ins. Co. V. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000).

Although Skuld was not named in the Kentucky suit or the Orleans judgment, Black Crystal filed suit against Skuld in the Eastern District of Louisiana 14 years after the conclusion of the Kentucky suit in order to enforce the judgment. Black Crystal alleges that the Louisiana Direct Action Statute, La. Rev. Stat. §22:655, allows recovery against Skuld in this suit. The Direct Action Statute allows an injured party, under certain circumstances, to file suit directly against the insurer of an alleged tortfeasor. La. Rev. Stat. §22:655.

Black Crystal's claim has no merit for two alternate reasons.

3

First, the Direct Action Statute does not apply to breach of contract cases. *Taylor v. Fishing Tools, Inc.,* 274 F.Supp. 666, 673 (E.D. La. 1967). According to the briefs and record in this case, this dispute concerns a breach of contract and therefore the Direct Action Statute would not apply. Second, even if Black Crystal's underlying claim is one in tort, an action under the Direct Action Statute is subject to a prescriptive period, which has expired because the Kentucky suit ended 14 years before the filing of the present action and Skuld was never a party to the Kentucky action. *See Etienne v. Nat'l Auto. Ins. Co.,* 747 So. 2d 593, 596 (La. Ct. App. 1999), *aff'd*, 759 So. 2d 51 (La. 2000); *Reeves v. Global Indemnity Co. Of New York*, 168 So 488, 489 (La. 1936).

Moreover, the fact that Black Crystal registered a foreign judgment in another state does not change the result in this case. Registration of a foreign judgment is only an enforcement device and the registered judgment can be accorded no greater effect than the foreign judgment upon which it is based. La. Rev. Stat. §13:4242. The foreign judgment of Kentucky is against Landaf and Polykyn; Skuld is not a party. The revival and registration of the judgments against Landaf and Polykyn in Orleans does not create a right of action against the alleged insurer who was not named in any of the other suits. *See Welltech, Inc. v. Abadie*, 666 So.2d 1234, 1236 (La. Ct. App. 1996) (holding that all substantive

4

defenses are available against enforcement of foreign judgments), *writ den'd*, 672 So. 2d 690 (La. 1996).

The other issues Black Crystal has raised on appeal have no affect on the outcome of this case. First, Black Crystal claims that Skuld should not have been allowed to bring its motion to dismiss after it had answered the complaint. Black Crystal claims that the motion was a Rule 12(b)(6) motion to dismiss and the court had no authority to grant the motion at that stage in the litigation and furthermore that Black Crystal's ability to respond to the motion was unduly restricted by the court. Skuld in its answer stated as a defense that Black Crystal had failed to state a claim upon which relief could be granted but its motion to dismiss simply requested the court dismiss the "complaint because it is time barred." The district court did refer to the Rule 12(b)(6) standard for dismissal. The court, however, treated the motion to dismiss like a Rule 56 summary judgment motion and considered information outside the pleadings, which is permissible under Rule 12(b). FED. R. CIV. P. 12(b). Also, it appears that Black Crystal neither made an objection to the court's consideration of the motion to dismiss as barred by procedural rules nor was Black Crystal prevented from bringing any other information to the court's attention. Therefore, Black Crystal's claims are without merit and the district court properly granted Skuld's motion to dismiss because the case could have been

5

dismissed as provided for under Rule 56.

Second, Black Crystal claims that Skuld had notice of the Kentucky suit and therefore is barred from asserting the prescription defense. However, Black Crystal asserts no facts that Skuld had notice of the suit in the legal sense but only that Skuld knew of the Kentucky suit. Nonetheless, Black Crystal's assertion is irrelevant. *See **Brady v. Bernard***, 230 So. 2d 413, 415 (La. Ct. App. 1970) (stating "[w]e have no doubt [Defendant] had actual knowledge of the pendency of [Plaintiff's] initial suit . . . but that ha[s] no bearing on the running of prescription in [Defendant's] favor").

Because the Direct Action Statute does not apply to breach of contract cases, the instant suit is barred by prescription; and, because the registration of a foreign judgment can be given no greater effect than the foreign judgment upon which it is based, the district court did not err in granting Skuld's Motion to Dismiss.

**II. Whether Black Crystal should have been given the opportunity to amend its complaint.**

A review of the docket sheet reveals that during the pendency of the proceeding, Black Crystal never requested the opportunity to amend its pleading. Therefore, the district court did not err because it never denied Black Crystal the opportunity to amend because the court was never presented with the opportunity to make such a denial. On appeal, Black Crystal neither cites authority to

6

support its claim that the district court erred nor explains why it never requested the opportunity to amend.  Rather, Black Crystal simply claims what it would have done if it had the opportunity to redo the litigation.  Therefore the district court did not err.

## CONCLUSION

The decision of the district court is affirmed.  **AFFIRMED.**