515 So.2d 813 (1987)
W.D. RICHARDS, et ux., Plaintiffs-Appellants,
v.
Dorman D. LaCOUR, Defendant-Appellee.
No. 86-1005.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
Rehearing Denied December 9, 1987.
Writ Denied February 5, 1988.
*814 Gregory N. Wampler, Colfax, for plaintiffs-appellants.
Wilbert J. Saucier, Jr., Pineville, for defendant-appellee.
Before KNOLL and KING, JJ., and CULPEPPER, J. Pro Tem.[*]
KING, Judge.
The sole issue presented in this case is whether or not the trial court erred in sustaining defendant's exception of prescription and dismissing plaintiff's suit.
On July 9, 1986, W.D. Richards and his wife, Helen Dix Richards (hereinafter plaintiffs), filed this suit against Dorman D. LaCour (hereinafter defendant) seeking to recover damages sustained on July 4, 1983 at the physical plant of their newspaper, The Colfax Chronicle, which resulted from a fire that was determined to be arson. Defendant filed a peremptory exception claiming that the plaintiffs' suit against *815 him was barred due to the running of the one year liberative prescription applicable to delictual actions. After a hearing on the exception, the trial court sustained defendant's peremptory exception and dismissed plaintiffs' suit. The plaintiffs thereafter filed this appeal.
For the reasons hereinafter set forth we affirm the decision of the trial court.

FACTS
The basic facts of the case are undisputed and were stipulated to by the parties at the commencement of the hearing on the peremptory exception. On July 4, 1983, the business owned by the plaintiffs, The Colfax Chronicle, was completely destroyed by fire. The cause of the fire was determined to be arson, but the identity of the perpetrators could not be determined at the time.
The defendant, Mr. Dorman D. LaCour, was arrested shortly thereafter on October 7, 1983, and was charged with simple arson of The Colfax Chronicle. After his arrest, the defendant entered a plea of not guilty to the charge of arson and maintained his innocence until June 2, 1986, when he changed his plea to guilty.
Between November 18, 1983 and August 16, 1984, The Colfax Chronicle published several news articles which reported the criminal proceedings involving Mr. LaCour and several other co-defendants who were also charged with various counts of arson. Plaintiffs both testified at the hearing on the exception that they knew of the articles and had knowledge of their contents.
As a result of Mr. LaCour's guilty plea, plaintiffs filed suit against him on July 9, 1986 seeking damages totaling $500,000.00 for the destruction of their business premises.
In response to plaintiffs' petition and notice of deposition, the defendant filed a peremptory exception of prescription in which he maintained that plaintiffs suit was filed more than one year after their cause of action arose.
The plaintiffs challenged defendant's peremptory exception on the grounds that prescription had been suspended under the doctrine of "contra non valentem agere nulla currit praescriptio"[1] until the defendant admitted that he was the arsonist who had set the fire which damaged the physical plant of their newspaper.
After several continuances, a hearing was scheduled on September 8, 1986 to hear the peremptory exception. After the hearing, the trial court sustained defendant's exception and dismissed plaintiff's suit.
The trial court made a factual determination that no evidence was presented from which the court could conclude that the defendant entered a plea of not guilty to the criminal charge of simple arson of the Colfax Chronicle just to prevent the plaintiffs from exercising their cause of action against him. Thus, the trial court held that the principle of contra non valentem was not applicable and that prescription began to accrue at the latest, on November 18, 1983, when the plaintiffs first reported in their newspaper the defendant's indictment for arson of their newspaper plant.
Judgment on the exception was rendered on September 11, 1986 and signed September 18, 1986. The plaintiffs filed a timely devolutive appeal on September 22, 1986.

ASSIGNMENT OF ERROR
On appeal, plaintiffs set forth only one assignment of error. They contend that the trial court erred in holding that the one year prescriptive period on their tort claim commenced to run on November 18, 1983 when the plaintiffs first reported in their newspaper the indictment of the defendant for simple arson of the Colfax Chronicle.
Plaintiffs argue that the defendant attempted to conceal his connection with the fire by pleading not guilty to arson after his arrest and that in such a case, the doctrine of contra non valentem prevented prescription from running until June 2, 1986, when the defendant pled guilty to the crime of simple arson.
*816 In addition, plaintiffs contend that prescription should not accrue because they could not prove their cause of action in a court of law until after the entry of the guilty plea by Mr. LaCour on June 4, 1986. Plaintiffs claim that although they knew of Mr. LaCour's arrest and indictment, they were not sure they could prove a cause of action existed as to Mr. LaCour until after his guilty plea. Plaintiffs testified at the hearing on the peremptory exception that several attempts were made to determine the identity of the arsonist, by contacting law enforcement officials and placing advertisements in the paper offering rewards, but that despite these efforts, the actual identity of the arsonist remained uncertain. Plaintiffs also testified that several attempts were made to determine defendant's connection or relationship to the fire, also by contact with law enforcement officials, but that their efforts to obtain information were unsuccessful because of the pendency of the criminal charges against the defendant.
The defendant's contention is that prescription began to accrue when the fire occurred on July 4, 1983, or at the latest, on October 7, 1983, when he was arrested and charged with the crime of simple arson of the Colfax Chronicle.
The applicable prescriptive period is found in LSA-C.C. Art. 3492 which states:
"Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."
The notion of delictual liability includes: intentional misconduct, negligence, abuse of right, and liability without negligence. See comments to La.C.C. Art. 3492. Also, F. Stone, Louisiana Tort Doctrine, § 229 (1977); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Langlois v. Allies Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971).
The prescriptive period for claims seeking damages for destruction of immovable property is set out in LSA-C.C. Art. 3493 which states:
"When damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage."
Simple arson is defined in LSA-R.S. 14:52(A) as: the intentional damaging by any explosive substance or the setting fire to any property of another, without the consent of the owner and except as provided in R.S. 14:51. In order for a defendant to be convicted of arson, the state has to prove that there was general criminal intent. State v. Simmons, 443 So.2d 512 (La.1983). Thus, any tort action stemming from arson to immovable property would be governed by the prescriptive periods set out in LSA-C.C. Arts. 3492 and 3493.
Although plaintiff's tort action is subject to a one year period of prescription, Louisiana courts have applied the doctrine of "contra non valentem agere nulla currit praescriptio"[2] in very limited circumstances to prevent the running of liberative prescription "where in fact and for good cause, a plaintiff is unable to exercise his cause of action when it accrues." Corsey v. State Dept. of Corrections, 375 So.2d 1319, 1321 (La.1979).
The prescriptive period begins to run on the date that the injured party discovered or should have discovered the existence of facts that would entitle him to bring suit. Cartwright v. Chrysler Corporation, 255 La. 597, 232 So.2d 285 (1970). In McNary v. Sidak, 478 So.2d 712, at page 716 (La.App. 3 Cir.1985), this court stated:
"[I]t is not necessary that the party have actual knowledge of the conditions as long as there is `constructive notice.' Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of everything to which inquiry may lead and such information or knowledge as ought to reasonably put the plaintiff on inquiry is sufficient to start the running of prescription.' Cartwright v. Chrysler Corp., *817 255 La. 597, at page 603, 232 So.2d 285, at page 287 (1970)."
The Louisiana Supreme Court in Corsey, supra, listed four categories of situations where Louisiana courts have applied the doctrine of contra non valentem to prevent the accrual of liberative prescription: (1) Where there is some legal cause which prevented the Courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
In the case at bar, plaintiffs are alleging that defendant's constant denial of guilt in a criminal proceeding was an act of concealment designed to intentionally prevent them from availing themselves of their cause of action. In order to interrupt the running of prescription, a plaintiff must show that a defendant has intentionally concealed facts or engaged in fraudulent practices that lulled him into a course of inaction which prejudiced his rights. Martin v. Mud Supply Co., 239 La. 616, 119 So.2d 484 (1959), on rehearing, 239 La. 633, 119 So.2d 490 (1960).
Plaintiffs cite Nathan v. Carter, 372 So.2d 560 (La.1979) in support of their argument that defendant's denial of guilt is tantamount to an act of fraud or concealment and as such, prescription was interrupted until the defendant's guilt as the arsonist was clearly established by his guilty plea and conviction.
In Nathan, the plaintiff was the widow of a worker who died of injuries received while working at Avondale. The claims manager at Avondale told her that she would receive a lump settlement after an investigation was completed. She was also instructed not to contact an attorney or her benefits would be lost. By the time she spoke with an attorney, her cause of action had prescribed. The court found that the claims manager intentionally acted to prevent the plaintiff from asserting a cause of action until prescription had accrued. In the instant case there is no proof that the defendant intentionally acted to prevent the plaintiffs from asserting their cause of action.
Unlike the defendant in Nathan, there is no evidence that Mr. LaCour entered a plea of not guilty in order to prevent the plaintiffs from asserting their cause of action. A defendant in a criminal proceeding has the statutory right to plead not guilty and place upon the state the burden of proving beyond a reasonable doubt each element of the crime necessary to constitute the defendant's guilt. LSA-R.S. 15:271; State v. Gatson, 434 So.2d 1315 (La.App. 3 Cir.1983). In the hearing on the peremptory exception of prescription, testimony and evidence was presented to show that plaintiffs knew of Mr. LaCour's criminal indictment at least by November 18, 1983 when the indictment was first reported in the Colfax Chronicle. This was sufficient to put them on notice as to his identity and to call for inquiry which is all that is necessary to commence the running of prescription. Between the time of defendant's indictment and guilty plea, plaintiffs were aware of the defendant's identity and had the opportunity to timely file civil proceedings against him to interrupt prescription. Plaintiffs' attorney orally argued on appeal that the reason plaintiffs did not timely file suit against defendant to interrupt the running of prescription was because plaintiffs were afraid filing a suit against defendant alleging arson might subject them to a suit for malicious prosecution or defamation. The fact that defendant had been arrested and charged in a criminal proceeding with arson of plaintiffs' property would be sufficient probable cause to institute suit against defendant for recovery of damages for his arson by filing a petition in a court of competent jurisdiction. Such a petition would be a statement in a judicial proceeding entitled to a qualified privilege and would not subject plaintiffs to damages for *818 malicious prosecution or defamation. Rennier v. State, Through Dept. of Public Safety, 428 So.2d 1261 (La.App. 3 Cir.1983); Lees v. Smith, 363 So.2d 974 (La.App. 3 Cir.1978). Plaintiffs' reason for waiting for defendant's criminal conviction, by plea or trial, was to assist them in proving their case on the merits and not to determine his identity or to determine if they might have a cause of action against him.
The plaintiffs also cite McClendon v. State Dept. of Corrections, 357 So.2d 1218 (La.App. 1 Cir.1978), in which the plaintiff was the daughter of parents who were murdered. The person who committed the crime fled and was unknown until he was arrested and indicted by a Washington Parish Grand Jury two and one-half years later. The court ruled that the doctrine of contra non valentem applied to interrupt prescription because the murderer actively sought to conceal his connection with the crime. Unlike the instant case, the plaintiff in McClendon brought suit less than a year after the identity of the perpetrator was discovered. In the instant case, the defendant's identity was known to plaintiffs, only his actual guilt of the arson was unknown to them.
After reviewing all the evidence and testimony presented at the hearing on the peremptory exception, the trial court found that there was no evidence to show that the defendant intentionally entered a plea of not guilty in the criminal case in order to avoid civil liability. On appeal findings of fact by the trial court are reviewed under the manifest error or clearly wrong standard. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). After a review of the record we do not find that the trial judge is manifestly in error or clearly wrong in his finding of fact.
On November 16, 1983, after all the grand jury hearings were concluded, the grand jury indicted Mr. LaCour and several co-defendants with six counts of arson. Counts one and six stated that Mr. LaCour, and co-defendants, conspired to commit aggravated and simple arson, and that the defendant committed simple arson of the office of the Colfax Chronicle.
At the hearing on the peremptory exception, plaintiff, Mrs. Richards, the editor of the newspaper, testified that she and Mrs. Malone, the associate editor, covered the grand jury hearings and heard the grand jury report.
These charges were reported in the newspaper by the plaintiffs on November 18, 1983. Mrs. Richards admitted writing the newspaper article. At the hearing on the peremptory exception, she also admitted having knowledge of Mr. LaCour's identity and indictment prior to November 18, 1983.
Mr. Richards also admitted that, as publisher of the Colfax Chronicle, he knew of and was aware of the content of the news article published on November 18, 1983. Clearly, the plaintiffs were aware of the defendant's identity and alleged connection with the arson as early as November 16, 1983, but certainly by November 18, 1983, which was notice enough to excite their attention and put them on guard and call for further inquiry. This was sufficient to start prescription running. Plaintiffs are claiming that their failure or inability to obtain information from law enforcement officers, because of defendant's plea of not guilty to the pending criminal charges of arson, is the reason the running of prescription should be interrupted. Plaintiffs' failure to obtain information from law enforcement officials about defendant's actual involvement and guilt in the arson, because of the pending criminal charges against defendant, does not prevent prescription on their claim from commencing to run from the date of the fire any more than would a claim by a plaintiff involved in an accident, that he had to await until he knew the exact facts of a defendant's negligence before filing suit, would prevent prescription from commencing to run from the date of the accident. Prescription begins to run when there is notice enough to call for inquiry about a claim, not from the time when the inquiry reveals facts or evidence sufficient to prove the claim.
*819 For the reasons set forth above, we affirm the trial court's judgment maintaining of the defendant's exception of prescription and dismissing the plaintiffs' suit at their cost. All costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.
KNOLL, J., dissents and assigns reasons.
KNOLL, Judge, dissenting.
Prescription does not begin to run until the cause of action had manifested itself with sufficient certainty to be susceptible of proof in a court of law. Hyman v. Hibernia Bank & Trust Company, 139 La. 411, 71 So. 598 (1916); McClendon v. State, Through Dept. of Corrections, 357 So.2d 1218 (La.App. 1st Cir.1978). Until defendant entered his guilty plea on June 4, 1986, plaintiffs' cause of action was not susceptible of proof with sufficient certainty.
Moreover, the majority's statement that, "... there was no evidence to show that the defendant intentionally entered a plea of not guilty in the criminal case in order to avoid civil liability." is unduly relied upon. The intent of defendant in entering his plea is so subjective that it is impossible to give it any evidentiary weight.
The majority effectively holds that arrest and indictment alone is sufficient to file a civil law suit against an individual for an intentional tort. The majority states that since the plaintiff knew of defendant's identity from the newspaper article of November 18, 1983, this "was notice enough to excite their attention and put them on guard and call for further inquiry." The majority fails to recognize that in criminal proceedings, civil discovery is not available while the charges are pending, therefore further inquiry was not possible in this case. Further, the majority erroneously compares this case with a claim by a plaintiff involved in a non-criminal case. Depriving plaintiffs of the well recognized doctrine of "contra non valentem agere nulla currit praescriptio" and consequently of their day in court against the defendant allows the defendant to escape civil liability through his criminal conduct. In my view this is clear error.
For the foregoing reasons I respectfully dissent.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] No prescription runs against a person unable to bring an action.
[2] Supra, footnote 1.