CARTER, Judge.
This is an appeal from a trial court judgment, reversing a determination by the Louisiana Department of Labor, Office of Employment Security (Employment Security), and granting a taxpayer a refund of unemployment contributions.
BACKGROUND
The Louisiana Employment Security Law, LSA-R.S. 23:1471 et seq., provides for the compulsory setting aside of unemployment reserves to be used for the benefit of unemployed persons and establishes the unemployment compensation fund. Employers make contributions into this fund based upon a percentage of the wages paid by them during each calendar year. LSA-R.S. 23:1531 and 23:1532. LSA-R.S. 23:1534 establishes a standard rate payable by each employer; however, this rate may be varied based upon the employer’s experience rating. LSA-R.S. 23:1535 and 23:1536. Each year the administrator of the fund determines the contribution rate for each employer and notifies the employer of his contribution rate. LSA-R.S. 23:1536 and 23:1541(4). The employer has twenty days within which to challenge the administrator’s computation of the experience rating. LSA-R.S. 23:1541(4). Thereafter, an employer can make application for a refund of contributions made or for an adjustment of his rate within three years of the due date for the payment of contributions. LSA-R.S. 23:1551.
FACTS
On February 15, 1982, Goudchaux, a Baton Rouge department store, acquired three department stores from City Stores, Inc. and subsequently changed its name to Maison Blanche, Inc. (Maison Blanche). Pursuant to the provisions of LSA-R.S. 23:1539, Maison Blanche was entitled to benefit from the experience-rating records of the newly acquired stores in the calculation of the amount of its unemployment insurance fund contributions. See also Employment Security Regulation 347. However, Maison Blanche continued to contribute to the unemployment insurance *672 fund at the same rate it had prior to the acquisition. On or about September 14, 1987, Maison Blanche notified Employment Security that a review of its experience ratings for the past several years revealed it had not received the proper credit for the payrolls and benefit charges subsequent to its acquisition from City Stores.
Employment Security agreed to adjust its calculations of Maison Blanche’s unemployment insurance fund contributions for 1985 through 1987 to reflect the experience rating of the newly acquired stores. However, after a hearing, Employment Security refused to adjust its calculations of Maison Blanche’s unemployment insurance fund contributions for the years 1983 and 1984 because Maison Blanche failed to timely apply for an adjustment of its payments for those years.
On December 28, 1989, Maison Blanche filed a petition for judicial review of the administrative determination by Employment Security and requested a refund of certain unemployment insurance contributions paid in 1983 and 1984. Maison Blanche alleged that LSA-R.S. 23:1539 required the Administrator of the unemployment insurance fund to transfer the experience-rating records of the acquired stores to Maison Blanche. Maison Blanche alleged that it assumed that the records were properly transferred after its acquisition of the department stores from City Stores and that its contribution rate was recomputed as required by the law. Maison Blanche contended that the doctrine of contra non valentem suspended the running of the three-year period set forth in LSA-R.S. 23:1551 until 1987 when Maison Blanche realized that the records had not been properly transferred. Maison Blanche reasoned that, as a result, it was entitled to a refund for the five years following its acquisition of the City Store’s department stores, including 1983 and 1984.
After a trial, which was held January 17, 1991, the trial court determined that the period within which Maison Blanche was required to apply for a refund was suspended by the doctrine of contra non va-lentem. Accordingly, the trial judge determined that Maison Blanche’s 1987 request for a refund of its 1983 and 1984 payments was timely. The trial court rendered judgment in favor of Maison Blanche, ordering Employment Security to refund unemployment insurance fund contributions for 1983 and 1984 in the stipulated amount of $80,-234.28. The court also cast Employment Security for judicial interest from the date of demand and for all costs.
From this adverse judgment, Employment Security appealed, assigning the following errors:
1. The trial judge erred in reversing the decision of the administrator and finding that the appellee is entitled to a refund of tax contributions for the years 1983 and 1984 in the amount of $80,234.28. ‘
2. The trial judge erred in ordering the Louisiana Department of Labor, Office of Employment Security liable for all costs.
ENTITLEMENT TO A REFUND
On appeal, Employment Security does not seriously dispute the fact that if timely request had been made, Maison Blanche would be entitled to a refund for 1983 and 1984. However, Employment Security alleges that the trial court erred in determining that Maison Blanche was entitled to a refund of unemployment compensation contributions for 1983 and 1984. Employment Security contends that, pursuant to LSA-R.S. 23:1551, a taxpayer has three years from the due date for payment of contributions to request a refund and that the evidence of record clearly established that Maison Blanche failed to make application for a refund for 1983 and 1984 within the three-year period. Employment Security reasons that, because Maison Blanche’s request for a refund of its 1983 and 1984 contributions was untimely, the trial court, erred in granting Maison Blanche a refund for those years.
LSA-R.S. 23:1539A provides, in pertinent part, as follows:
Whenever an individual, group of individuals, partnership, corporation, or employing unit, whether or not an employer *673 as defined in this Chapter, in any manner succeeds to or acquires the organization, trade, or business or substantially all the assets thereof of another employing unit which at the time of acquisition was an employer subject to this Chapter, the experience-rating records of such predecessor employer shall be transferred as of the date of acquisition to the successor employer for the purpose of rate determination. (emphasis added).
Although LSA-R.S. 23:1539 sets forth that the experience rating of the predecessor employing unit is required to be transferred to the successor employing unit upon acquisition of the former by the latter, LSA-R.S. 23:1551 sets forth the time within which an employing unit must request an adjustment to its rate or refund of contributions made as follows:
If not later than three years after the due date for payment of contributions, an employing unit which made payment of any amount of contributions, interest or penalties shall make application for an adjustment thereof in connection with subsequent contribution payments, or for a refund thereof because such adjustment cannot be made, and the administrator shall determine that such contributions or interest or penalties or any portion thereof were erroneously collected, the administrator shall allow such employing unit to make an adjustment thereof, without paying interest upon the same, in connection with subsequent payments by it, or if such adjustment cannot be made the administrator shall refund said amount, without interest upon same from the unemployment compensation fund. For like cause and within the said period, adjustment or refund may be so made on the administrator’s own initiative.
If not later than three years from the date on which an administrative error is committed, the error is discovered and called to the attention of the administrator, he shall, on his own motion or upon the request of any interested party, take all necessary steps that he may deem necessary to correct and rectify the said error; provided, however, that any interest, fine or penalty refunded under this section which has been paid into the special unemployment security administration fund established pursuant to R.S. 23:1513 shall be paid out of such fund. However, the administrator has no authority to make any adjustment or correction which will increase the contribution of any employing unit unless such adjustment or correction is made within twelve months of the occurrence of the administrative error.
Under LSA-R.S. 23:1551, if application for a refund is made within three years of the due date for payment of the contribution and the administrator determines that the employer has overpaid, a refund shall be granted notwithstanding it being occasioned by the inadvertence of the employer. See Higgins, Inc. v. Walker, 129 So.2d 840, 847 (La.App. 1st Cir.1961). LSA-R.S. 23:1531 states that “contributions shall become due and be paid by each employer to the administrator for the fund in accordance with such regulations as the administrator may prescribe.” The pertinent regulation states that contributions shall accrue quarterly and become due and shall be paid on or before the last day of the month following the calendar quarter in which such contributions accrue. Employment Security Regulation 307. LSA-R.S. 23:1472 defines “calendar quarter” as “the period of three consecutive calendar months ending on March 31, June 30, September 30, or December 31, or the equivalent thereof as the administrator may by regulations prescribe.”
In the instant case, Maison Blanche’s unemployment compensation contributions were due one month following the end of each quarter in 1983 and 1984. On or about September 14, 1987, Maison Blanche notified Employment Security that it had not received the proper credit for the experience rating of its predecessor company when Maison Blanche acquired the additional department stores in mid-February of 1982. Therefore, we find that Maison Blanche’s request for a refund for unemployment contributions for the third and fourth, quarters of 1984 was made within *674 three years of the date on which these contributions were due. As a result, Mai-son Blanche’s request for a refund for these two quarters was timely. However, we are unable to find that Maison Blanche’s request is timely with regard to 1983 or to the first two quarters of 1984 in that the request was made outside the three-year period set forth in LSA-R.S. 23:1551.
However, our inquiry does not end here. We must determine whether the running of the three-year period described in LSA-R.S. 23:1551 was suspended under the doctrine of contra non valentem so as to entitle Maison Blanche to a refund of excess contributions made during the remaining six quarters at issue.
APPLICABILITY OF THE DOCTRINE OF CONTRA NON VALENTEM
Louisiana jurisprudence establishes that contra non valentem applies to prevent the running of liberative prescription:
1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff’s action;
2) where there was some condition coupled with the contract or so connected with the proceedings which prevented the creditor from suing or acting;
3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Corsey v. State Department of Corrections, 375 So.2d 1319, 1321-22 (La.1979).
A plaintiff need not have actual knowledge of the conditions which might entitle him to bring suit, but only “constructive notice.” Rozas v. Department of Health and Human Resources, State of Louisiana, 522 So.2d 1195, 1197 (La.App. 4th Cir.), writ denied, 523 So.2d 1338 (La.1988). As a general rule, prescription begins to run from the time there is notice enough to call for inquiry about a claim, not from the time when the inquiry reveals facts or evidence sufficient to prove the claim. Richards v. LaCour, 515 So.2d 813, 818 (La.App. 3rd Cir. 1987), writ denied, 519 So.2d 133 (La.1988). However, a plaintiff will be deemed to know what he could have learned by reasonable diligence, and contra non valentem will not apply to except the plaintiff’s claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect. Corsey v. State Department of Corrections, 375 So.2d at 1322; Matthews v. Sun Exploration and Production Company, 521 So.2d 1192, 1197 (La.App. 2nd Cir.1988); Rozas v. Department of Health and Human Resources, State of Louisiana, 522 So.2d at 1197. See also Richards v. LaCour, 515 So.2d at 818.
In the instant case, Maison Blanche alleged that certain records, upon which its experience rating was based, were confidential and inaccessible by Maison Blanche. Maison Blanche reasoned that, as a result, it was unable to detect that Employment Security failed to transfer its records. Therefore, Maison Blanche reasoned that it could not apply for a refund within the three-year period prescribed by LSA-R.S. 23:1551.
However, it is clear that Maison Blanche was capable of discovering problems concerning its unemployment insurance rate, but simply failed to do so. Maison Blanche was aware that it acquired the assets of an entity that was or should have been making contributions to the unemployment insurance fund. Such an acquisition might give rise to successor employer status under the provisions of LSA-R.S. 23:1539, which in turn might entitle Maison Blanche to a refund of contributions based on its predecessor's experience rating. In order to apply for such a refund, Maison Blanche was not required to make any calculation based on inaccessible confidential records associated with the acquired stores. Nor was Maison Blanche required to possess facts proving it was entitled to a refund. See Rozas v. Department of Health and Human Resources, State of Louisiana, *675 522 So.2d at 1197. See also Richards v. LaCour, 515 So.2d at 818. The simple fact of acquisition should have triggered Mai-son Blanche’s efforts to preserve its rights to a potential refund. Moreover, Employment Security did not have greater access to this information than Maison Blanche. In fact, in 1987, Maison Blanche, without the assistance of Employment Security, discovered Employment Security’s failure to take its predecessor’s experience rating into consideration when calculating Maison Blanche’s rate of contribution to the unemployment compensation fund. Therefore, we find that the doctrine of contra non valentem is not applicable. As such, Mai-son Blanche is only entitled to a refund of those contributions made during the third and fourth quarters of 1984.
AMOUNT OF REFUND
We have carefully reviewed the entire record and cannot determine the exact amount of refund to which Maison Blanche is entitled. The information contained in the record is insufficient to determine the amount attributable to excess unemployment insurance contributions made for the third and fourth quarters of 1984. Therefore, we remand this matter to the trial court for a determination of the amount of the refund due for the third and fourth quarters of 1984.
COSTS AND INTEREST
Employment Security contends that the trial court erred in assessing it with costs of the proceeding and in awarding Maison Blanche interest on the refund..
LSA-R.S. 23:1548 provides, in pertinent part, that “[t]he administrator shall not be required to furnish any court bond, nor to make a deposit for or pay any costs of court in any legal proceedings.” See Melton v. State Office of Employment Security, 473 So.2d 925, 928 (La.App. 3rd Cir. 1985). LSA-R.S. 23:1551 also provides that refunds made by Employment Security shall be without interest. Therefore, because of the clear statutory prohibition against the award of these items, we find that the trial court erred in assessing Employment Security with court costs and in awarding interest on the judgment in favor of Maison Blanche.
CONCLUSION
For the above reasons, the judgment of the trial court is affirmed insofar as it ordered Employment Security to refund excess unemployment contributions for the third and fourth quarters of 1984. The trial court judgment is reversed insofar as it awarded a refund for excess unemployment contributions for 1983 and the first two quarters of 1984. The portion of the trial court judgment awarding interest and costs is also reversed. This matter is remanded to the trial court for a determination of the amount of the refund for excess unemployment contributions made by Mai-son Blanche for the third and fourth quarters of 1984, which were calculated without considering the 1982 acquisition. No costs are assessed on appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.