704 So.2d 35 (1997)
Dwayne TERREL, Plaintiff/Appellant,
v.
Dredrick PERKINS, Defendant/Appellee.
No. 96 CA 2629.
Court of Appeal of Louisiana, First Circuit.
November 7, 1997.
*37 Henry Olinde, Jr., Baton Rouge, for Plaintiff/Appellant, Dwayne Terrel.
John T. Roethele, Denham Springs, for Defendant/Appellee, Denham Springs, Prudential Property and Casualty Insurance Company.
Before CARTER, FOIL and GONZALES, JJ.
CARTER, Judge.
This is an appeal by Dwayne Terrel (Terrel), plaintiff, from a judgment sustaining the peremptory exception raising the objection of prescription filed by defendant, Prudential Property & Casualty Insurance Company (Prudential).

FACTS AND PROCEDURAL HISTORY
On or about February 3 or 4, 1990, Terrel was rendered a quadriplegic as the result of a gunshot wound caused by Dredrick Perkins (Perkins). Terrel timely instituted a suit for damages against Perkins, naming Perkins as the only defendant.
A preliminary default was entered against Perkins on December 1, 1992. Perkins did not answer the suit or file any exceptions. Terrel confirmed the default judgment against Perkins and, on May 13, 1993, a judgment was rendered against Perkins in the amount of $1,312,786.84, together with legal interest and costs of the proceedings.
On June 1, 1995, Terrel filed an amended petition for damages seeking to add Prudential as a defendant and alleging Prudential was liable in solido with Perkins. According to Terrel, Prudential issued a homeowner's policy to Perkins' father, Tommy Perkins. Perkins was allegedly covered under this policy because he lived with his father at the time of the shooting.[1]
Prudential filed a peremptory exception raising the objection of prescription, along with various consolidated exceptions raising objections of improper amendment of the pleadings. Prudential also denied that it was solidarily liable with Perkins for Terrel's injuries. On June 26, 1996, the trial court granted Prudential's peremptory exception raising the objection of prescription and dismissed the suit against Prudential with prejudice.
Terrel filed a suspensive appeal, asserting the following assignments of error:
1. The trial court erred by holding that appellant's claims against Prudential are prescribed when the doctrine of contra non valentum applied to prevent prescription from commencing until approximately one month before appellant bought suit against Prudential.
2. The trial court erred by holding that appellant's claims against Prudential are prescribed when the amendment adding Prudential as a defendant relates back to the timely filing of the original petition.

TIMELINESS OF AMENDING PETITION
Terrel argues his amended petition naming Prudential as a defendant was timely filed because it met the criteria of LSA-C.C.P. art. 1153, which, under certain circumstances, allows an amendment to relate back to the filing of the original petition.[2] In Ray v. Alexandria Mall, 434 So.2d 1083 (La. 1983), the supreme court established criteria to determine whether article 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the filing of the original petition.[3] However, Ray *38 and its progeny presuppose situations where the wrong party has been originally named as a defendant. In contrast, the instant case involves a situation where a previously unknown party was added through the amended petition. Furthermore, Terrel alleges Prudential and Perkins were liable in solido. LSA-C.C.P. art. 1153 does not apply to a situation where a plaintiff has timely sued and correctly named at least one solidary obligor, nor was it meant to apply when articles of the Civil Code are applicable. See Gebhardt v. State of Louisiana, 94-838, pp. 4-5 (La.App. 5th Cir. 3/15/95), 652 So.2d 150, 151-52, writ denied, 95-1235 (La. 6/23/95), 656 So.2d 1033; Picone v. Lyons, 593 So.2d 829, 831-32 (La.App. 4th Cir.), reversed on other grounds, 601 So.2d 1375 (La.1992).
The applicable prescriptive period for delictual actions is one year, which commences to run from the date the injury or damage is sustained. LSA-C.C. art. 3492. Prescription is interrupted when the obligee commences an action against the obligor in a court of competent jurisdiction and venue. LSA-C.C. art. 3462. The interruption as to one solidary obligor is continuous and prevents prescription from running as to all solidary obligors, even as to those who have not been named in the first timely filed petition. The interruption lasts as long as the suit is pending. LSA-C.C. arts. 1799, 3463, and 3503. However, when prescription is interrupted, the time that has run is not counted. Prescription begins to run anew from the last day of interruption. LSA-C.C. art. 3466.
The phrase "as long as the suit is pending" which is used in LSA-C.C. art. 3463 was interpreted by the Louisiana Supreme Court in Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986). Citing Black's Law Dictionary (5th ed. 1979) at page 1021, the court found "an action or suit is `pending' from its inception until the rendition of final judgment." Black's Law Dictionary defines "pendency" at page 1020, as "the state of an action, etc., after it has begun and before the final disposition of it." Final disposition connotes a state of affairs "such that nothing further remains to fix the rights and obligations of the parties." Hebert v. Doctors Memorial Hospital, 486 So.2d at 720. Thus, a suit is no longer pending after final judgment.
In the instant case, Terrel timely instituted suit against Perkins for damages arising from the February 1990 shooting. There are no allegations in Terrel's original petition that an insurance policy existed which would provide coverage for Perkins' actions. On May 13, 1993, the trial court signed a judgment against Perkins. At this point, the suit was no longer "pending" for the purposes of interrupting prescription as to other solidary obligors. On May 13, 1993, the one year prescriptive period as to any other solidary obligors began to run again. The prescriptive period elapsed on May 13, 1994, over one year prior to Terrel's attempt to amend his petition.
The purpose of a prescription statute is to afford a defendant economic and psychological security if a cause of action is not pleaded timely, and to protect the defendant from stale claims and the loss of relevant proof. Masson v. Champion Insurance Company, 591 So.2d 399, 402-03 (La.App. 4th Cir.1991). They are designed to protect the defendant against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that the defendant's opponent makes in filing the formal claim within the period. Giroir v. South Louisiana Medical Center, 475 So.2d 1040, 1045 (La.1985).
We do not view the 1995 amendment naming Prudential as a defendant as a "pleading mistake." Terrel's amended petition naming Prudential cannot relate back to his original petition because his cause of action against Prudential had prescribed. Terrel's argument that his amended petition naming Prudential as a defendant was timely because it *39 related back to his original petition is without merit.

APPLICABILITY OF THE DOCTRINE OF CONTRA NON VALENTUM
Terrel also argues that his claim against Prudential is not prescribed because prescription was suspended under the doctrine of contra non valentum. Louisiana jurisprudence establishes that contra non valentum applies to prevent the running of liberative prescription:
1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
Corsey v. State, Department of Corrections, 375 So.2d 1319, 1321-22 (La.1979).
A plaintiff need not have actual knowledge of the conditions which might entitle him to bring suit, but only "constructive notice." Rozas v. Department of Health and Human Resources, State of Louisiana, 522 So.2d 1195, 1197 (La.App. 4th Cir.), writ denied, 523 So.2d 1338 (La.1988). As a general rule, prescription begins to run from the time there is notice enough to call for inquiry about a claim, not from the time when the inquiry reveals facts or evidence sufficient to prove the claim. Richards v. LaCour, 515 So.2d 813, 818 (La.App. 3rd Cir.1987), writ denied, 519 So.2d 133 (La.1988). However, a plaintiff will be deemed to know what he could have learned by reasonable diligence, and contra non valentum will not apply to except the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect. Corsey v. State Department of Corrections, 375 So.2d at 1322; Matthews v. Sun Exploration and Production Company, 521 So.2d 1192, 1197 (La.App. 2nd Cir.1988); Rozas v. Department of Health and Human Resources, State of Louisiana, 522 So.2d at 1197. See also, Richards v. LaCour, 515 So.2d at 818.
In the case sub judice, Terrel argues the doctrine of contra non valentum applies because he was unaware of the existence of any insurance policy that could possibly cover the risk sued upon until his attorney received a response to a subpoena served upon the George Perkins Insurance Agency. Terrel contends prescription did not begin to run against Prudential until May 1995, when he discovered the existence of a homeowner's insurance policy issued to Tommy Perkins, Dredrick Perkins' father.
The doctrine of contra non valentum does not apply in the instant case. At the hearing on the confirmation of the default judgment against Perkins, Terrel's attorney introduced Perkins' criminal record regarding his involvement in the February 1990 shooting of Terrel as an exhibit. This exhibit contains Perkins' address, which is identified as 425 Bay Street in Denham Springs. The appearance bond, which was executed on February 8, 1990, reflects Perkins resided with his father at the same address. This is the address Terrel now claims was covered by the Prudential homeowner's policy at the time of the shooting.
Terrel is deemed to have constructive notice of facts which would have led to the discovery of the homeowner's policy as of the date of the confirmation hearing, which was May 11, 1993. A simple investigation into Perkins' criminal record would have revealed he resided with his father and the address of that residence at the time of the incident. There are no discovery requests in the record indicating an attempt by Terrel to discover the existence of the Prudential policy prior to the confirmation of the default judgment. Terrel's affidavit indicates he made a "diligent investigation of means of collecting my judgment against the defendant, Dredrick Perkins." (Emphasis added). The wording of this affidavit indicates that neither Terrel nor his attorney took any action to discover the existence of any other potential *40 defendants until after the default judgment against Perkins was confirmed.
Terrel had one year after the May 13, 1993 judgment against Perkins to amend his petition to name a solidary obligor as another defendant. The record reflects no discovery attempt prior to May 13, 1994. Nor does Terrel's affidavit describe the "diligent investigation" he undertook to find a means of collecting his judgment. Terrel's lack of knowledge of the existence of the Prudential policy is the result of his own inaction. After examining the entire record, we find the doctrine of contra non valentum did not prevent the running of prescription against Prudential.

CONCLUSION
Based on the foregoing reasons, we affirm the judgment of the trial court granting Prudential's peremptory exception raising the objection of prescription. Costs of the appeal are assessed to the appellant, Dwayne Terrel.
AFFIRMED.
NOTES
[1] Perkins was an adult at the time of the shooting.
[2] LSA-C.C.P. art. 1153 provides:

When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
[3] The criteria set forth in Ray v. Alexandria Mall, 434 So.2d at 1087, are:

1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
4) The purported substitute defendant must not be wholly a new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.